1    THEODORA R. LEE, Bar No. 129892
     tlee@littler.com
2    KAI-CHING CHA, Bar No. 218738
     kcha@littler.com
3    LITTLER MENDELSON, P.C.
     650 California Street
4    20th Floor
     San Francisco, CA 94108.2693
5    Telephone:   415.433.1940
     Fax No.:     415.399.8490
6

**FILED**

MAY 2 4 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

   Attorneys for Defendants
7    SARA LEE CORPORATION, EARTHGRAINS
     BAKING COMPANIES, INC., BIMBO
8    BAKERIES USA, INC., MARTY BAKER and RIC
     DIAZ
9

10                  UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

| | |
|---|---|
| 13   MOHAMED HUGAIS, | Case No. **C13-2368 JCS** |
| 14          Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER** |
| 15      v. | **28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)** |
| 16   SARA LEE CORPORATION, a Maryland corporation doing business in California; | Complaint Filed: April 4, 2013 |
| 17   EARTHGRAINS BAKING COMPANY, INC., a Delaware corporation doing | |
| 18   business in California; BIMBO BAKERIES USA, INC., a Delaware | |
| 19   corporation doing business in California; MARTY BAKER, an individual; RIC | |
| 20   DIAZ, an individual, and DOES 1 through 50, inclusive, | |
| 21 | |
| 22          Defendants. | |

23    TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF MOHAMED

24    HUGAIS, AND HIS ATTORNEYS OF RECORD:

25            PLEASE TAKE NOTICE that Defendants SARA LEE CORPORATION,

26    EARTHGRAINS BAKING COMPANIES, INC., BIMBO BAKERIES USA, INC., MARTY

27    BAKER and RIC DIAZ (collectively "Defendants") hereby remove the above-entitled action from

28    the Superior Court of the State of California for the County of Alameda, Case No. RG13674251, to

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1  the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§
2  1332, 1441 and 1446.

3         This case is being removed on complete diversity of citizenship pursuant to 28 U.S.C.
4  Sections 1332, 1441, and 1446. The specific grounds for removal are as follows:

5  <div align="center">**JURISDICTION**</div>

6         1.   This Court has original jurisdiction over this action pursuant to 28 U.S.C.
7  §1332(a)(1), and this action is one that may be removed to this Court pursuant to the provisions of
8  28 U.S.C. §1441(a), in that it is a civil action wherein the amount in controversy for the named
9  Plaintiff exceeds $75,000, exclusive of interest and costs, and it is a civil action between citizens of
10  different states.

11         2.   Here, complete diversity jurisdiction exists because Plaintiff is a citizen of the
12  State of California. Defendant Sara Lee Corporation is a corporation incorporated and existing
13  under the laws of the State of Maryland, and has its principal place of business in Chicago, Illinois.
14  Defendant Earthgrains Baking Companies, Inc. is a corporation incorporated under the laws of the
15  State of Delaware and has its principal place of business in Horsham, Pennsylvania. Defendant
16  Bimbo Bakeries USA, Inc. is a corporation organized under the laws of the State of Delaware, with
17  its principal place of business in Horsham, Pennsylvania. As discussed in detail below, Defendants
18  Marty Baker and Ric Diaz must be disregarded for the purposes of determining diversity jurisdiction
19  because they are "sham" defendants, as Plaintiff cannot establish any individual liability against
20  them based on the allegations pled in Plaintiff's Complaint.

21  <div align="center">**VENUE**</div>

22         3.   This action was filed in the Superior Court of California for the County of
23  Alameda. Venue is proper in the United States District Court for the Northern District of California
24  pursuant to 28 U.S.C. §§ 84 (c)(2), 1391 and 1446.

25  <div align="center">**INTRAJURISDICTIONAL ASSIGNMENT**</div>

26         4.   This matter is properly assigned to the Oakland Division because all the actions
27  which allegedly give rise to Defendants' liability occurred in Alameda County. *See* Northern
28  District Local Rule 3-2(c)(d), 3-5(b).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT    2.

1

## GENERAL INFORMATION

2          5.     On April 4, 2013, Plaintiff filed a Complaint in the Superior Court of the State of

3   California for the County of Alameda, entitled *MOHAMED HUGAIS, Plaintiff v. SARA LEE*

4   *CORPORATION, a Maryland corporation doing business in California; EARTHGRAINS BAKING*

5   *COMPANY, INC., a Delaware corporation doing business in California; BIMBO BAKERIES USA,*

6   *INC., a Delaware corporation doing business in California; MARTY BAKER, an individual; RIC*

7   *DIAZ, an individual, and DOES 1 through 50, inclusive*, docketed as Case No. RG13674251 (the

8   "Complaint").

9          6.     The Complaint alleges thirteen causes of action for: (1) Discrimination Based

10  Upon Race and/or National Origin in Violation of the Fair Employment and Housing Act ("FEHA")

11  (Cal. Gov. Code §§ 12900 et seq.); (2) Harassment Based Upon Race and/or National Origin in

12  Violation of FEHA (Cal. Gov. Code §§ 12900 et seq.); (3) Discrimination Based Upon Religion in

13  Violation of FEHA (Cal. Gov. Code §§ 12900 et seq.) (4) Harassment Based Upon Religion in

14  Violation of FEHA (Cal. Gov. Code §§ 12900 et seq.); (5) Retaliation in Violation of FEHA (Cal.

15  Gov. Code §§ 12900 et seq.); (6) Interference in Violation of California Family Rights Act (Cal.

16  Gov. Code §§ 12900 et seq.); (7) Retaliation in Violation of California Family Rights Act (Cal. Gov.

17  Code §§ 12900 et seq.); (8) Failure to Take Reasonable Steps To Prevent Harassment,

18  Discrimination and Retaliation In Violation of FEHA (Cal. Gov. Code §§ 12900 et seq.); (9) Failure

19  to Take Appropriate Remedial Measures In Violation of FEHA (Cal. Gov. Code §§ 12900 et seq.);

20  (10) Retaliation in Violation of Labor Code § 6310; (11) Negligent Promotion and Hiring and

21  Supervision; (12) Intentional Infliction of Emotional Distress; and (13) Failure to Pay Wages Owed

22  (Lab. Code §§ 204, 510, 1194 and 1198).  A true and correct copy of the Complaint is attached

23  hereto as Exhibit A.

24          7.     On April 26, 2013, Defendants Earthgrains Baking Companies, Inc.

25  ("Earthgrains") and Bimbo Bakeries USA, Inc. ("Bimbo") were served with a copy of the Summons

26  and Complaint via its agent for service of process, CT Corporation. On May 1, 2013, Defendant

27  Sara Lee Corporation was served with a copy of the Summons and Complaint. On April 30, 2013,

28  Defendant Marty Baker ("Baker") was served with a copy of the Summons and Complaint. On May

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                                    3.

1    7, 2013, Defendant Ric Diaz ("Diaz") was served with a copy of the Summons and Complaint. At

2    the same time, all Defendants received a Summons, Notice of Case Management Conference and

3    Order, Notice of Assignment of Judge for All Purposes, Alternative Dispute Resolution (ADR)

4    Information Packet and Stipulation to Attend Alternative Dispute Resolution (ADR) and Delay

5    Initial Case Management Conference for 90 Days. True and correct copies of these documents are

6    attached hereto as Exhibits B, C, D, E, F and G respectively.

7           8.    Defendants are informed and believe that none of the Doe Defendants have been

8    identified or served.

9           9.    On May 23, 2013, Defendants SARA LEE CORPORATION, EARTHGRAINS

10   BAKING COMPANIES, INC. and BIMBO BAKERIES USA, INC. filed their Answer to Plaintiff's

11   Complaint in the Superior Court of the County of Alameda. A true and correct conformed copy of

12   Defendants' General Denial and Affirmative Defenses is attached hereto as Exhibit H.

13          10. On May 23, 2013, Defendants filed Defendants' Motion for Peremptory

14   Disqualification Pursuant to Code of Civil Procedure § 170.6; Declaration of Theodora R. Lee. A

15   true and correct copy of Defendants' Motion for Peremptory Disqualification Pursuant to Code of

16   Civil Procedure § 170.6; Declaration of Theodora R. Lee is attached collectively hereto as Exhibit I.

17          11. Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all

18   process, pleadings, and orders served upon Defendant or filed or received in this action by

19   Defendant. Moreover, no further proceedings have been conducted in this case in the Superior Court

20   of the County of Alameda. Accordingly, the requirements of 28 U.S.C. § 1446(c) have been

21   satisfied.

22                                    **TIMELINESS OF REMOVAL**

23          12. This Notice of Removal is timely in that it has been filed by Defendants within

24   thirty (30) days after receipt by Defendants of a paper from which it may first be ascertained that the

25   case is one which is or has become removable, and Defendants' Notice of Removal is not made

26   more than one year after commencement of the action. 28 U.S.C. §1446(b).

27   ///

28   ///

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                          4.

1

## COMPLETE DIVERSITY OF CITIZENSHIP

2       13. According to Plaintiff, Plaintiff is and at all relevant times mentioned in his

3   Complaint worked in and was a resident of Alameda County, California. (Complaint ¶1.) On that

4   basis, Defendants allege that Plaintiff is a citizen of the State of California. *See State Farm Mut.*

5   *Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (place of residence is *prima facie* evidence

6   of domicile for purposes of determining citizenship).

7       14. Plaintiff alleges in his Complaint that Defendants Sara Lee Corporation,

8   Earthgrains Baking Companies, Inc. and Bimbo Bakeries USA, Inc. were corporations "doing

9   business in the State of California" and "[a]t all times material to this Complaint the employer of

10  Plaintiff."  (*Id.* at ¶¶ 2-4.)[1]  None of the above-named corporate Defendants are citizens of

11  California.

12      15. Plaintiff further alleges that at all relevant times herein, individual Defendants

13  Marty Baker and Ric Diaz were residents of the County of Alameda, within the State of California.

14  (*Id.* at ¶¶ 5-6.)  However, as shown below, Defendants Baker and Diaz are sham defendants who

15  have been improperly named in this action in a blatant attempt to defeat removal based upon

16  diversity jurisdiction in this Court.

17      16. Does 1 through 50, inclusive, are wholly fictitious. The Complaint does not set

18  forth the identity or status of any said fictitious defendants, nor does it set forth any charging

19  allegation against any fictitious defendants.  The citizenship of these doe defendants is to be

20  disregarded for the purposes of determining diversity jurisdiction, and therefore cannot destroy the

21  diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); *accord Newcombe v.*

22  *Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998) (citing to 28 U.S.C. § 1441(a)); *see also*

23  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

24      17. When the non-California citizenship of Sara Lee Corporation, Earthgrains

25  Baking Companies, Inc. and Bimbo Bakeries USA, Inc. is considered and the sham defendants'

26

27  [1] Defendants contend that Plaintiff's only employer at all times relevant herein was Earthgrains
    Baking Companies, Inc. By removing this case to Federal Court, Defendants are not waiving their
28  defenses as to this issue.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                    5.

1  citizenship is properly ignored, complete diversity of citizenship exists here.

2      18. For diversity purposes, a corporation is deemed to be a citizen of the state in

3  which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. §

4  1332(c)(1). In *Hertz v. Friend*, ___ U.S. ___, 130 S.Ct. 1181, 1192 (2010), the United States

5  Supreme Court stated the test to be applied to determine a corporation's principal place of business.

6  The Court concluded that "'principal place of business' is best read as referring to the place where a

7  corporation's officers direct, control, and coordinate the corporation's activities. It is the place that

8  Courts of Appeals have called the corporation's "nerve center." And in practice it should normally

9  be the place where the corporation maintains its headquarters—provided that the headquarters is the

10  actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office

11  where the corporation holds its board meetings." *Id.*

12      19. Defendant Sara Lee Corporation is a corporation incorporated and existing under

13  the laws of the State of Maryland, and has its principal place of business in Chicago, Illinois.

14  (Declaration of Mary D. Stoxstell ("Stoxstell Decl.") ¶ 2.) Defendant Earthgrains Baking

15  Companies, Inc. is a corporation incorporated under the laws of the State of Delaware and has its

16  principal place of business in Horsham, Pennsylvania. (Declaration of Bobby L. Snyder, Jr.

17  ("Snyder Decl.") ¶ 2.) Defendant Bimbo Bakeries USA, Inc. is also a corporation organized under

18  the laws of the State of Delaware, with its principal place of business in Horsham, Pennsylvania.

19  (Declaration of Christopher F. Sheridan ("Sheridan Decl.") ¶ 2.)

20  **A.    Defendants Baker And Diaz Are "Sham" Defendants Whose Citizenship Should**

21  **Be Ignored For Removal Purposes.**

22      20. Defendants Baker and Diaz's citizenship must be disregarded for purposes of

23  determining jurisdiction under 28 U.S.C. sections 1332 and 1441(b) on the grounds that Defendants

24  Baker and Diaz are "fraudulent" or "sham" defendants, because Plaintiff will be unable to establish

25  liability against them based on the allegations pled in the Complaint. *McCabe v. General Foods*

26  *Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a

27  resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of

28  the resident defendant is fraudulent."); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                6.

1    Cir. 2001) (non-diverse sham defendant named in state court action may be disregarded); *Ritchey v.*
2    *Upjohn Drug Co.*, 139 F.2d 1313, 1318-19 (9th Cir.), *cert. denied*, 525 U.S. 963 (1998) (sham
3    defendants may be disregarded when determining diversity jurisdiction).

4          21. It is well settled that fraudulent joinder is shown, where, as here, plaintiff fails to
5    state a cause of action against a defendant and that failure is apparent according to the settled law of
6    the state. *McCabe,* 811 F.2d at 1339.

7          22. In determining whether a defendant is "fraudulently" joined, courts may properly
8    consider the allegations of the complaint and facts presented by the defendant in its notice of
9    removal. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), *cert. denied*, 525 U.S.
10   963 (1998). It does not have to be shown that the joinder of a non-diverse defendant was for the
11   purpose of preventing removal. Rather, the question simply is whether there is any possibility that
12   the plaintiff will be able to establish liability against the party in question. *Id.* at 1318-19.

13         23. In his Complaint, Plaintiff alleges three causes of action against individual
14   defendants Baker and Diaz: the Second Cause of Action for Harassment Based Upon Race and/or
15   National Origin in violation of FEHA; the Fourth Cause of Action for Harassment Based Upon
16   Religion in violation of FEHA; and the Twelfth Cause of Action Based Upon Intentional Infliction
17   of Emotional Distress ("IIED"). Thus, Plaintiff's Complaint seeks to hold defendants Baker and
18   Diaz, individuals, liable for harassment in violation of FEHA and IIED.

19        **1.    As A Matter Of Law, Plaintiff Has Failed To State A Claim Against**
20              **Defendants Baker And Diaz For Harassment.**

21              **a.    Plaintiff's Allegations That Baker and Diaz Acted Within the**
22                    **Course and Scope of Their Employment Defeat Individual**
23                    **Liability.**

24         24. Plaintiff alleges that at all relevant times, Defendants Baker and Diaz were acting
25   in the course and scope of their employment (Complaint ¶¶ 5-6, 64, 82). However, actionable
26   harassment in violation of FEHA, by its very nature, is "conduct outside the scope of necessary job
27   performance." *Reno v. Baird*, 18 Cal. 4th 640, 645-646 (1998). It is well established that an
28   individual supervisor like Baker may not be held liable for harassment stemming from managerial

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940
NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                                7.

conduct within the scope of his managerial position. *Reno*, 18 Cal. 4th 646-647; *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 62 (1996). In *Reno*, the California Supreme Court explained that "commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off ... do not come within the meaning of harassment." *Id.*, 18 Cal. 4th 646-647.

25. Plaintiff alleges that Baker: (1) pressured Plaintiff to give up his approved holiday vacation and suggested Plaintiff take September 11th as his holiday (Complaint ¶ 24); (2) asked Plaintiff for his driver's license and green card but did not ask other employees for the same (Complaint ¶ 33); (3) monitored and scrutinized Plaintiff's job performance and client relationships (Complaint ¶ 34); (4) threatened to give Plaintiff a write-up and subject him to disciplinary action if Plaintiff called in sick (Complaint ¶ 36); (5) pressured a co-worker to monitor and report any mistakes or flaws on Plaintiff's route that could be used to discipline Plaintiff (Complaint ¶ 39); (6) followed Plaintiff on his route soliciting negative information about Plaintiff and scrutinizing all of Plaintiff's work and at the end of the day wrote up Plaintiff for being absent (Complaint ¶ 39); and (7) changed Plaintiff's routes, taking away his most lucrative customers while Plaintiff was out on medical leave when other employees who were of non-Middle Eastern decent and of non-Muslim faiths did not have their routes significantly changed when out on medical leave (Complaint ¶ 48). With respect to Diaz, Plaintiff alleges that during a pre-shift meeting, Diaz discussed the role of depositions in employment lawsuits. (Complaint ¶ 45.) However, none of these personnel actions supports Plaintiff's claim of harassment. These actions are essentially a dispute regarding Plaintiff's vacation time, or sick time, and concern Baker's scrutiny of Plaintiff's performance. Both types of actions are well within the responsibilities of a supervisor and do not provide a legitimate basis for a legal claim of harassment against Baker. Plaintiff is bound by the allegations contained in his pleadings in determining whether a legally sufficient cause of action exists. *Iqbal v. Hasty*, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544 (2007). Even if the allegations

///

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                    8.

1   against Baker were true, they would not support a cause of action for harassment against him as an
2   individual.

3       26. Plaintiff additionally alleges that Baker failed to act in response to Plaintiff's
4   complaint of co-worker harassment (Complaint ¶ 37) and did not say anything after witnessing a co-
5   worker yell to Plaintiff, "Don't eat that, that's against your religion" when Plaintiff reached for a
6   donut. (Complaint ¶ 38.) With respect to Diaz, Plaintiff alleges Diaz failed to act in response to
7   Plaintiff's complaint about offensive comment (Complaint ¶ 24); and in response to Plaintiff's
8   discrimination and harassment complaints, advised Plaintiff that Defendants were "unable to confirm
9   that any inappropriate behavior or conduct had occurred." (Complaint ¶ 46.) Inaction by a
10  supervisor does not subject that supervisor to personal liability for harassment. *Fiol v. Doellstedt*, 50
11  Cal. App. 4th 1318, 1331 (1996). A supervisor must substantially encourage continued harassment
12  before personal liability can be imposed. *Fiol*, 50 Cal. app. 4th at 1327. Thus, neither Baker nor
13  Diaz may be held liable for harassment based on any alleged failure to act asserted by Plaintiff and
14  Plaintiff's harassment claim fails.

15          **b.    Plaintiff's Harassment Claim Fails Because There Are No**
16                 **Allegations of Severe or Pervasive Conduct.**

17          27. In the event this Court views Baker's alleged suggestion to Plaintiff to take
18  September 11 for vacation as harassing, Plaintiff's harassment claim still fails. In determining what
19  constitutes sufficiently pervasive harassment, courts have held that acts of harassment "cannot be
20  occasional, isolated, sporadic or trivial; rather, the plaintiff must show a concerted pattern of
21  harassment of a repeated, routine or a generalized nature." *Fisher v. San Pedro Peninsula Hosp.*,
22  214 Cal. App. 3d 590, 609-10 (1989); *Etter v. Veriflo Corp.*, 67 Cal. App. 4th 457, 466 (1998)
23  (racial remarks made to a stock room worker every day for six weeks was not severe and pervasive
24  conduct); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("[a] recurring point in
25  these opinions is that 'simple teasing,' . . . offhand comments, and isolated incidents (unless
26  extremely serious) will not amount to discriminatory changes in the 'terms and conditions of
27  employment'"). Only for very severe cases will such an isolated incident amount to harassment.
28  *See Herberg v. California Institute of the Arts*, 101 Cal. App. 4th 142, 151 (2002) ("review of the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                          9.

1    cases they cite reveals that such a single incident must be severe in the extreme and generally must

2    include either physical violence or the threat thereof") (citations omitted); *Department of*

3    *Corrections v. State Personnel Bd.*, 59 Cal. App. 4th 131, 134 (1997) (noting incident of rape may

4    be enough but not single incident in which corrections officer used profane language and shook a

5    female Hispanic fellow officer by her collar to emphasize his point); *Doe v. Capital Cities*, 50 Cal.

6    App. 4th 1038, 1042 (1996) (single incident where plaintiff was drugged and gang-raped). The

7    Ninth Court has also held that "simple teasing, offhand comments, and isolated incidents (unless

8    extremely serious) will not amount to discriminatory changes in the terms and conditions of

9    employment." *Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2003). Thus, assuming

10   *arguendo* that Baker subjected Plaintiff to the conduct complained of, this conduct does not give rise

11   to a harassment claim as one incident of referring to September 11 is clearly not severe and

12   pervasive.

13                    **2.    As A Matter Of Law, Plaintiff Has Failed To State An IIED Claim**

14                           **Against Defendants Baker And Diaz.**

15            28. Plaintiff cannot maintain his harassment or IIED claims against Defendants

16   Baker and Diaz because they are immune from individual liability under the "manager's privilege"

17   doctrine. Additionally, Plaintiff's claim for IIED against Defendants Baker and Diaz are preempted

18   by the exclusivity of the California workers' compensation system. Finally, Plaintiff cannot

19   maintain a claim because he fails to state a cause of action for IIED.

20                    **a.    Manager's Privilege Bars Plaintiff's IIED and Harassment**

21                           **Claims.**

22            29. Significantly, Plaintiff alleges that Defendants Baker and Diaz at all relevant

23   times were one of Plaintiff's supervisors and/or managing agents "acting in the course and scope of

24   his employment and with supervisory authority over Plaintiff." (Complaint, ¶¶ 5-6.)

25            30.    California law explicitly prohibits employees from suing their former managers

26   and supervisors in tort for actions occurring in the discharge of their employment

27   duties. *See Sheppard v. Freeman*, 67 Cal. App. 4th 339, 342 (1998). Plaintiff's allegations are not

28   sufficient to overcome the manager's privilege and support a harassment or IIED claim. The

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                           10.

1    manager's privilege applies where a party acts within the course and scope of employment, and

2    functions to protect a manager's right to manage employees:

> If that privilege protects nothing else, it protects a manager's right to
> manage personnel (including firing and hiring) without fear of
> independent liability, absent concrete and specific allegations that such
> actions were *entirely* for the benefit of the individual. . . . The
> manager's privilege thus [precludes] liability for all causes of action
> pled herein.

7    *Kacludis v. GTE Sprint Communications*, 806 F. Supp. 866, 872 (N.D. Cal. 1992) (emphasis in

8    original). *See also Imperial Ice v. Rossier*, 18 Cal. 2d 33, 36 (1941) (existence of malice or ill will

9    by the manager or agent toward the Plaintiff is irrelevant and will not destroy the manager's

10   privilege); *Wanland v. Los Gatos Lodge, Inc.*, 230 Cal. App. 3d 1507, 1522 (1991) ("manager need

11   not be acting solely in his or her employer's interest in order to claim the privilege; all that is

12   required is proof that the employer's interest was one of the factors motivating his or her conduct or

13   advice"); *McCabe, McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987) (under

14   California law, where conduct is alleged to have been in the course of employment, manager's

15   privilege precludes individual liability, even if conduct was also motivated by bias or ill will).

16          31. California courts have applied the doctrine of managerial immunity to preclude

17   supervisor liability for other employment-related torts, where the complained-of conduct was

18   undertaken "in the course and scope of employment" or as "an agent of the employer." *See Becket v.*

19   *Welton Becket & Assocs.*, 39 Cal. App. 3d 815, 822-23 (1974) (demurrer without leave to amend

20   properly sustained; individual employees cannot be held liable for acts taken within the course and

21   scope of their authority because such acts are those of the company); *Wise v. Southern Pac. Co.*, 223

22   Cal. App. 2d 50, 72-73 (1963) (complaint failed to set forth facts sufficient to constitute a cause of

23   action where it alleged that at all times defendants were employees, agents and representatives of

24   their respective corporations, and alleged conduct within the course and scope of their employment);

25   *Mallard v. Boring*, 182 Cal. App. 2d 390, 393-94 (1960) (tort claim asserted against manager did not

26   state a cause of action where plaintiff alleged conduct within the course and scope of the manager's

27   authority, thereby invoking the managerial privilege).

28   ///

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

11.

1        32.  Upon finding that the manager's privilege applies, fraudulent joinder should be

2   found.  In *McCabe, supra*, the court applied the manager's privilege, found that the plaintiff failed to

3   state a cause of action against the individual supervisors since they acted in their managerial

4   capacity, and held that the individual defendants were fraudulently joined.  811 F.2d at 1339.  Thus,

5   removal based on diversity jurisdiction was proper.  *Id.* at 1339.

6        33.  Plaintiff's Complaint contains *no* allegation that the complained-of conduct

7   occurred "*entirely* for the benefit" of Baker or Diaz.  Indeed, Plaintiff alleges that Baker and Diaz

8   acted in the course and scope of their employment.  (Complaint, ¶¶ 5-6.)  Therefore, Plaintiff cannot

9   consistently allege that the conduct of Defendants Baker and Diaz was undertaken *exclusively* for

10  their own benefit.  Accordingly, the Manager's Privilege precludes Plaintiff's claims for harassment

11  and IIED against Baker and Diaz.

12                  **b.    Workers' Compensation Exclusivity Bars Plaintiff's IIED Claim.**

13       34.  Additionally, Plaintiff's IIED claims against Baker and Diaz fail because they

14  are preempted under California Labor Code section 3601.  Labor Code section 3601 provides that

15  the exclusive remedy for an injured employee against any other employee of the employer acting

16  within the scope of his employment is Workers' Compensation, unless the injury is caused by willful

17  and unprovoked act of aggression or intoxication of the other employee.  *See Kacludis, supra*, 806 F.

18  Supp. at 870 (California's Workers' Compensation system provides exclusive remedy for all

19  claims).

20       35.  The California Supreme Court recently rejected a plaintiff's IIED claim against a

21  supervisor, where the supervisor's alleged conduct occurred in the workplace, in the course and

22  scope of his employment as a supervisor.  *Miklosy v. Regents of University of California*, 44 Cal. 4th

23  876, 902 (2008) ("the alleged wrongful conduct, however, occurred at the worksite, in the normal

24  course of the employer-employee relationship, and therefore workers' compensation is plaintiffs'

25  exclusive remedy for any injury that may have resulted.").

26       36.  Plaintiff can avoid the preclusive effect of the workers' compensation exclusivity

27  rule *only* if the cause of action alleged depends on a violation of an express statute or fundamental

28  ///

LITTLER MENDELSON, P.C.
550 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                        12.

1      public policy. *Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990); *Phillips v. Gemini Moving Specialists*,

2      63 Cal. App. 4th 563, 576-77 (1998).

3           37. The only statutory claims alleged in the Complaint stem from violations of

4      provisions of FEHA under California Government Code sections 12900 et seq. However, Baker and

5      Diaz may not be individually liable for either retaliation or discrimination. *See Jones v. Lodge At*

6      *Torrey Pines Partnership*, 42 Cal. 4th 1158, 1159, 1162 (2008); *Reno v. Baird*, 18 Cal. 4th 640, 645-

7      46 (1998). Since the Complaint does not allege that Plaintiff's purported emotional distress arises

8      from any other statutory, regulatory, or constitutional provision, his single claim against Baker and

9      Diaz is preempted by the Workers' Compensation Act.

10           38. Indeed, in *Cole v. Fair Oaks Fire Protection Dist.*, the California Supreme Court

11      held that claims for emotional distress caused during the normal course of the employment

12      relationship fall within the exclusive ambit of the Workers' Compensation Act:

13           . . . an employee suffering emotional distress . . . may not avoid the
exclusive provisions of the Labor Code by characterizing the

14           employer's decisions as manifestly unfair, *outrageous*, harassment, *or*
*intended to cause emotional disturbance* resulting in disability.

15

16      43 Cal. 3d 148, 160 (1987) (emphasis added). Accordingly, Plaintiff's allegations regarding the

17      conduct of Defendants Baker and Diaz do not save his claims from the preclusive effect of the

18      workers' compensation exclusivity rule. Therefore, Plaintiff's IIED claims cannot be asserted

19      against the individual defendants.

20           **c.**      **Plaintiff Fails to State a Cause of Action Against Baker and Diaz**

21           **for IIED.**

22           39. Plaintiff also cannot maintain his IIED claim against Baker and Diaz because he

23      fails to state a cause of action against them. To state a cause of action for IIED, Plaintiff must allege

24      the following elements: (1) extreme and outrageous conduct by Defendants; (2) with the intent to

25      cause, or reckless disregard of the probability of causing, emotional distress; (3) Plaintiff's suffering

26      severe or extreme emotional distress; and (4) actual and proximate causation of the emotional

27      distress by Defendants' extreme and outrageous conduct. *Christensen v. Superior Court,* 54 Cal.3d

28      868, 903 (1991); *Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 155 n.7 (1987).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT      13.

1    40. To be outrageous, the conduct "must be so extreme as to exceed all bounds of

2   that usually tolerated in a civilized community." *Christensen,* 54 Cal.3d at 903; *Davidson v. City of*

3   *Westminster,* 32 Cal.3d 197, 209 (1982). Further, "it is not enough the conduct be intentional and

4   outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of

5   whom the defendant is aware." *Christensen,* 54 Cal.3d at 903. Moreover, a plaintiff must plead

6   facts demonstrating that the defendant's conduct was not privileged. *Cantu v. Resolution Trust*

7   *Corp.,* 4 Cal. App. 4th 857, 887 (1992). In his Complaint, Plaintiff alleges that Diaz discussed

8   depositions in employment litigation (Complaint ¶ 45) and otherwise failed to act (Complaint ¶¶ 24,

9   46). Clearly, none of these allegations constitute extreme or outrageous conduct.

10    41. With respect to Baker, all of Plaintiff's allegations involve personnel actions.

11   Personnel actions more egregious than those pled by Plaintiff, including altering performance

12   appraisals and terminating or laying off employees, *even if based on allegedly improper motives,* are

13   not "extreme and outrageous" conduct. *Janken v. GM Hughes Electronics,* 46 Cal. App. 4th 55, 80

14   (1996). As the court in *Janken* observed, "Managing personnel is not outrageous conduct beyond

15   the bounds of human decency, but rather conduct essential to the welfare and prosperity of society.

16   A simple pleading of personnel management activity is insufficient to support a claim of [IIED],

17   even if improper motivation is alleged." *Id.; see also Buscemi v. McDonnell Douglas Corp.,* 736

18   F.2d 1348, 1352 (9th Cir. 1984) (termination of employment does not support an IIED claim);

19   *Trerice v. Blue Cross of California,* 209 Cal.App.3d 878, 883-84 (1989) (same). Here, Plaintiff

20   alleges that Baker: (1) pressured Plaintiff to give up his approved holiday vacation and suggested

21   Plaintiff take September 11th as his holiday (Complaint ¶ 24); (2) asked Plaintiff for his driver's

22   license and green card but did not ask other employees for the same (Complaint ¶ 33); (3) monitored

23   and scrutinized Plaintiff's job performance and client relationships (Complaint ¶ 34); (4) threatened

24   to give Plaintiff a write-up and subject him to disciplinary action if Plaintiff called in sick

25   (Complaint ¶ 36); (5) pressured a co-worker to monitor and report any mistakes or flaws on

26   Plaintiff's route that could be used to discipline Plaintiff (Complaint ¶ 39); (6) followed Plaintiff on

27   his route soliciting negative information about Plaintiff and scrutinizing all of Plaintiff's work and at

28   the end of the day wrote up Plaintiff for being absent (Complaint ¶ 39); and (7) changed Plaintiff's

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940
NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                                    14.

1    routes, taking away his most lucrative customers while Plaintiff was out on medical leave when
2    other employees who were of non-Middle Eastern decent and of non-Muslim faiths did not have
3    their routes significantly changed when out on medical leave (Complaint ¶ 48). However, none of
4    these personnel actions supports Plaintiff's claim of IIED.

5          42. Liability does not extend to "mere insults, indignities, threats, annoyances, petty
6    oppressions, or other trivialities." *Alcorn v. Anbro Engineering, Inc.,* 2 Cal.3d 493, 499 n.5 (1970).
7    As such, allegations that an employer verbally insulted and repeatedly harassed the plaintiff, directed
8    coworkers not to assist the plaintiff or made statements regarding the plaintiff's unsuitability for
9    employment have been held insufficient on demurrer to state an IIED claim. *See Ankeny v.*
10   *Lockheed Missiles & Space Co.,* 88 Cal.App.3d 531, 535-37 (1979) (verbal insults and repeated
11   harassment). Unlike *Alcorn,* where an IIED claim was found, Plaintiff does *not* allege that Baker or
12   Diaz shouted racial epithets or slurs at him, nor does he allege that he was subjected to seriously
13   threatening and extremely abusive language as the plaintiff was in *Newby v. Alto Riviera*
14   *Apartments,* 60 Cal.App.3d 288, 297-98 (1976). Plaintiff fails to show that Defendants Baker or
15   Diaz engaged in "extreme and outrageous" conduct. Plaintiff thus fails to state an IIED claim.

16         43. For the reasons set forth above, Baker's and Diaz's citizenship should be
17   disregarded for purposes of removal.

18         44. Does 1 through 50, inclusive, are wholly fictitious. Plaintiff's Complaint does
19   not set forth the identity or status of any said fictitious defendants, nor does it set forth any allegation
20   against any fictitious defendants. The citizenship of these doe defendants is to be disregarded for the
21   purpose of determining diversity jurisdiction, and therefore cannot destroy the diversity of
22   citizenship between the parties in this action. 28 U.S.C. Section 1441(a); *Newcombe v. Adolf Coors*
23   *Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

24                              **AMOUNT IN CONTROVERSY**

25         45. Defendants deny the validity and merit of all of Plaintiff's claims, the legal
26   theories upon which they are purportedly based, and the claims for monetary and other relief that
27   flow from them. However, for purposes of removal only, and without conceding that Plaintiff is
28   entitled to any damages or penalties, assuming, arguendo, the truth of Plaintiff's allegations, it is

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                          15.

1   readily apparent that Plaintiff's claims establish an amount "in controversy" in excess of the
2   jurisdictional minimum of $75,000, as required by 28 U.S.C. § 1332.

3               46. Plaintiff's complaint is silent to the total amount of monetary relief claimed.
4   However, failure of the Complaint to specify the total amount of monetary relief sought personally
5   by Plaintiff does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins.* Co., 861 F.
6   Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the
7   failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any
8   Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its
9   claim"). Defendants need only establish by a preponderance of evidence that Plaintiff's claims
10  exceeds the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404
11  (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

12              47. Plaintiff filed his Complaint in state court as an unlimited jurisdiction matter
13  (e.g., Plaintiff alleges that the amount in controversy exceeds $25,000) (*See* Exhibit A, State Civil
14  Case Cover Sheet attached to Complaint).

15              48. In his Complaint, Plaintiff's alleged damages include: unspecified amounts for
16  general damages; special damages; compensatory damages, mental and emotional distress damages,
17  and interest. (Exhibit A, Complaint ¶¶ 52, 53, 62, 63, 70, 71, 80, 81, 88, 89, 100, 101, 113, 114, 121,
18  122, 128, 129, 135, 136, 145, 146, 149, 160 and Prayer for Relief).

19              49. Compensatory (actual) damages and special damages may be considered when
20  determining the amount in controversy. *Bell v. Preferred Life Assur. Soc'y of Alabama*, 320 U.S.
21  238, 241 (1943); *Bassett v. Toyota Motor Credit Corp.*, 818 F. Supp. 1462, 1464-65 (S.D. Ala.
22  1993); *Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (general and special
23  damages included in the amount in controversy).

24              50. Plaintiff was employed full-time as a Route Sales Representative at Earthgrains'
25  San Leandro, California facility. (Snyder Decl. ¶ 3.) In 2012, Plaintiff earned a weekly base pay
26  plus commissions resulting in average weekly earnings of $1,154.85. (*Id.*) In his last full year of
27  work in 2011, Plaintiff's gross annual income was $70,670.65. (*Id.*) In 2010, his gross annual
28  income was $77,624.52, and in 2009, his gross annual income was $85,798.45. (*Id.*) Thus,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                                    16.

1  Plaintiff's average annual wage for his most recent three full years of employment was $78,031.21.

2  (*Id.*) In addition, Plaintiff received medical insurance, retirement benefits and other valuable

3  employment benefits. (*Id.*)

4  51. In addition to compensatory damages, Plaintiff seeks to recover punitive or

5  exemplary damages. (Exhibit A, Complaint, ¶¶ 55, 65, 73, 83, 91, 103, 116, 123, 130, 138, 147,

6  152, Prayer for Relief). The punitive damages sought by Plaintiff are properly included in

7  computing the jurisdictional amount. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.

8  2001). A removing defendant may demonstrate that it is "facially apparent" from the Complaint that

9  the claims likely exceed the $75,000 amount in controversy by showing that punitive damages have

10  been pled. *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003)(finding that it was "facially

11  apparent" that plaintiff's wrongful termination claim exceeded the $75,0000 amount in controversy

12  based on his "lengthy list of compensatory and punitive damages.").

13  52. Furthermore, Plaintiff seeks an award of attorneys' fees. (Exhibit A, Complaint

14  ¶¶ 56, 66, 74, 84, 92, 104, 117, 124, 131, 139, 161 and Prayer for Relief.) It is well-settled that in

15  determining whether a complaint meets the amount in controversy requirement, the Court should

16  consider attorneys' fees. *See, e.g., Bell v. Preferred Life*, 320 U.S. 238, 240; *Goldberg v. C.P.C.*

17  *Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to

18  determine jurisdictional amounts); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-1156 (9th Cir.

19  1998) (prayer for attorneys' fees included in determining the amount in controversy where

20  potentially recoverable by statute); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-

21  11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be

22  recovered by a plaintiff if he were to prevail in determining whether amount in controversy exceeds

23  $75,000.00).

24  53. Based on the foregoing, Defendants have demonstrated by a preponderance of

25  the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional

26  minimum of $75,000.00.

27  54. For these reasons, this action is a civil action over which this Court has original

28  jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed by Defendants to this

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108 2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                                    17.

1 Court pursuant to 28 U.S.C. section 1441(a), in that is a civil action wherein the matter in
2 controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of
3 different states.

4 **NOTICE TO PLAINTIFF AND CLERK OF THE ALAMEDA COUNTY SUPERIOR**
5 **COURT**

6 55. Contemporaneously with the filing of this Notice of Removal in the United
7 States District Court for the Northern District of California, written notice of such filing will be
8 given by the undersigned to Plaintiff's counsel of record Christopher B. Dolan, Michael DePaul and
9 Ghazaleh Modarresi, The Dolan Law Firm, The Dolan Building, 1438 Market Street, San Francisco,
10 California 94102. In addition, a copy of Notice of Removal will be filed with the Clerk of the Court
11 for the Superior Court of California, County of Alameda.

12 WHEREFORE, having provided notice as is required by law, the above-entitled
13 action should be removed from the Superior Court for the County of Alameda to this Court.

14 Dated: May 24, 2013

17 THEODORA R. LEE
LITTLER MENDELSON, P.C.
Attorneys for Defendants
18 SARA LEE CORPORATION,
EARTHGRAINS BAKING COMPANIES,
19 INC., BIMBO BAKERIES USA, INC.,
MARTY BAKER and RIC DIAZ

21 Firmwide:120410266.1 046057.1060

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                          18.

Exhibit A

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Christopher B. Dolan (SBN 165358)
Michael DePaul (SBN 231641)
Ghazaleh Modarresi (SBN 280339)
THE DOLAN LAW FIRM
1438 Market Street, San Francisco, CA 94102
TELEPHONE NO.: (415) 421-2800   FAX NO.: (415) 421-2830
ATTORNEY FOR *(Name):* Plaintiff MOHAMED HUGAIS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME: Hugais v. Sara Lee Corp., et al.

**FOR COURT USE ONLY**

*11298981*

**FILED**
**ALAMEDA COUNTY**

APR 0 4 2013

CLERK OF THE SUPERIOR COURT
By_____
                          Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited     [ ] Limited | [ ] Counter     [ ] Joinder | RG13674251 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* Twelve

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 4, 2013

Michael DePaul (SBN 231641)
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ—Administrative Mandamus
Writ—Mandamus on Limited Court
Case Matter
Writ—Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal—Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

*11298989*

1  Christopher B. Dolan (SBN 165358)
2  Michael DePaul (SBN 231641)
   Ghazaleh Modarresi (SBN 280339)
   **THE DOLAN LAW FIRM**
3  The Dolan Building
   1438 Market Street
4  San Francisco, CA 94102
   Tel: (415) 421-2800
5  Fax: (415) 421-2830

6
7  Attorneys for Plaintiff
   MOHAMED HUGAIS

8

**FILED**
**ALAMEDA COUNTY**

APR 0 4 2013

CLERK OF THE SUPERIOR COURT
By_____
                    Deputy

9              IN THE SUPERIOR COURT OF CALIFORNIA

10                IN AND FOR THE COUNTY OF ALAMEDA

11                  UNLIMITED CIVIL JURISDICTION

12
   MOHAMED HUGAIS,                          Case No: **RG13674251**
13
          Plaintiff,                        **COMPLAINT FOR DAMAGES FOR:**
14
15  v.                                      1.  Discrimination Based Upon Race and/or
                                                National Origin in Violation of FEHA
16  SARA LEE CORPORATION, a Maryland            (Cal. Gov. Code §§ 12900 et seq.);
    corporation doing business in California;  2.  Harassment Based Upon Race and/or
17  EARTHGRAINS BAKING COMPANY, INC., a           National Origin in Violation of FEHA
    Delaware corporation doing business in California;  (Cal. Gov. Code §§ 12900 et seq.);
18  BIMBO BAKERIES USA, INC., a Delaware      3.  Discrimination Based Upon Religion in
    corporation doing business in California; MARTY      Violation of FEHA (Cal. Gov. Code §§
19  BAKER, an individual; RIC DIAZ, an individual,      12900 et seq.);
    and DOES 1 through 50, inclusive,       4.  Harassment Based Upon Religion in
20                                              Violation of FEHA (Cal. Gov. Code §§
                                                12900 et seq.);
21       Defendants.                         5.  Retaliation in Violation of FEHA (Cal.
                                                Gov. Code §§ 12900 et seq.);
22                                           6.  Interference in Violation of California
                                                Family Rights Act (Cal. Gov. Code §
23                                              12900 et seq.);
                                             7.  Retaliation in Violation of California
24                                              Family Rights Act (Cal. Gov. Code §
                                                12900 et seq.);
25                                           8.  Failure to Take Reasonable Steps To
                                                Prevent Harassment, Discrimination and
26                                              Retaliation In Violation of FEHA (Cal.
                                                Gov. Code §§ 12900 et seq.);
27                                           9.  Failure to Take Appropriate Remedial
                                                Measures In Violation of FEHA (Cal.
28                                              Gov. Code §§ 12900 et seq.);
                                             10. Retaliation in Violation of Labor Code §
                                                6310;

**THE**
**DOLAN**
**LAW FIRM**
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-1-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

11. Negligent Promotion and Hiring and Supervision;
12. Intentional Infliction Of Emotional Distress; and
13. Failure to Pay Wages Owed (Lab. Code §§ 204, 510, 1194 and 1198).

**JURY TRIAL DEMANDED**

**PRE-JUDGMENT INTEREST DEMANDED**

## COMPLAINT

Now comes **MOHAMED HUGAIS**, Plaintiff in this action, and files this Complaint, and further alleges as follows:

## PARTIES TO THE CIVIL ACTION

1. Plaintiff MOHAMED HUGAIS (hereinafter "Plaintiff HUGAIS" or "Plaintiff") is a male adult natural person who at all times mentioned herein worked for Defendant SARA LEE CORPORATION, Defendant EARTHGRAINS BAKING COMPANIES, INC., Defendant BIMBO BAKERIES USA, INC., and/or DOES 1-25 in the County of Alameda, State of California. Plaintiff HUGAIS is a Muslim of Arab descent and was born in Yemen.

2. Plaintiff is informed and believes, and thereon alleges that Defendant SARA LEE CORPORATION, (hereinafter "SARA LEE" or "Defendant") and/or DOES 1-25 was at all times material to this Complaint the employer of Plaintiff and of Defendants MARTY BAKER, RIC DIAZ, and/or DOES 26-50, and was doing business in the State of California, County of Alameda, and is an entity subject to suit before this Court.

3. Plaintiff is informed and believes, and thereon alleges that Defendant EARTHGRAINS BAKING COMPANIES, INC., (hereinafter "EARTHGRAINS" or "Defendant") and/or DOES 1-25, was at all times material to this Complaint the employer of Plaintiff and of Defendants MARTY BAKER, RIC DIAZ, and/or DOES 26-50, and was doing business in the State of California, County of Alameda, and is an entity subject to suit before this Court.

4. Plaintiff is informed and believes, and thereon alleges that Defendant BIMBO BAKERIES

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2801

-2-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  USA, INC., (hereinafter "BIMBO" or "Defendant") and/or DOES 1-25, was at all times material to this

2  Complaint the employer of Plaintiff and of Defendants MARTY BAKER, RIC DIAZ, and/or DOES 26-

3  50, and was doing business in the State of California, County of Alameda, and is an entity subject to suit

4  before this Court.

5      5.    Defendant MARTY BAKER (hereinafter "Defendant BAKER") is an adult natural person

6  who Plaintiff is informed and believes and thereby alleges is a resident of the State of California, County

7  of Alameda, and is therefore subject to the jurisdiction of this Court. Plaintiff is informed and believes,

8  and thereon alleges that at all relevant times, Defendant BAKER was one of Plaintiff's supervisors and/or

9  managing agents of Defendants, acting in the course and scope of his employment with Defendants and/or

10  DOES 1-25, with supervisory authority over Plaintiff and/or DOES 26-50.

11      6.    Defendant RIC DIAZ (hereinafter "Defendant DIAZ") is an adult natural person who Plaintiff

12  is informed and believes and thereby alleges is a resident the State of California, County of Alameda, and

13  is therefore subject to the jurisdiction of this Court. Plaintiff is informed and believes and thereon alleges

14  that at all relevant times, Defendant DIAZ was Defendants' Manager of Human Resources, was one of

15  Plaintiff's supervisors and/or managing agents of Defendants, acting in the course and scope of his

16  employment with Defendants and/or DOES 1-25, with supervisory authority over Plaintiff and/or DOES

17  26-50.

18      7.    Defendants DOES 1-25 are herein sued under fictitious names. Their true names and

19  capacities are unknown to Plaintiff. Plaintiff is informed and believes and hereon alleges that DOES 1-25

20  are business entities of unknown form who were the employers of Plaintiff and/or Defendants MARTY

21  BAKER and RIC DIAZ, and/or DOES 26-50. Plaintiff is informed and believes and thereon alleges that

22  DOES 26-50 were the employees, officers, directors, managing agents, and/or supervisors of Defendants

23  MARTY BAKER, RIC DIAZ, and/or DOES 1-25 who were acting within the scope and course of their

24  employment and authority at all times relevant to this Complaint. Plaintiff alleges that DOES 26-50

25  exercised supervisory authority over him and his day-to-day job duties within the scope and course of his

26  employment.

27      8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES

28  1-50, inclusive, are unknown to Plaintiff, who therefore sues the DOE defendants by fictitious names.

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

1   Plaintiff will amend this complaint to show their true names and capacities when they have been
2   ascertained.

3       9.   Plaintiff is informed and believes and thereon alleges that there exists, and, at all times relevant
4   to this Complaint, existed a unity of interests between certain of the Defendants such that any individuality
5   and separateness between these certain Defendants has ceased, and those certain Defendants are the alter
6   ego of the other certain Defendants and exerted control over each other.  Adherence to the fiction of the
7   separate existence of these certain Defendants as an entity distinct from other certain Defendants will
8   permit an abuse of the corporate privilege and would sanction fraud and /or promote injustice.

9       10.   Plaintiff is informed and believes and thereon alleges that at all times mentioned in this
10  Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things
11  alleged in this Complaint were acting within the course and scope of such agency and employment and
12  acted in such a manner as to ratify the conduct of their co-Defendants..

13  ## VENUE AND JURISDICTION

14      11.   Venue is proper because Plaintiff is informed and believes and thereon alleges that
15  Defendants SARA LEE, EARTHGRAINS, BIMBO, MARTY BAKER, RIC DIAZ, and/or DOES 1-25
16  were doing business in the County of Alameda, State of California, that the relevant actions set forth
17  herein occurred in the County of Alameda, and that Alameda County is where Plaintiff's personnel file
18  and Defendants' records relevant to the alleged unlawful practices are maintained and administered.

19      12.   Plaintiff HUGAIS is a Muslim male who was born in Yemen and is, therefore, a member of
20  a protected class under the Fair Employment and Housing Act ("FEHA"), Government Code §12900 et
21  seq., and is protected from discrimination and harassment, as well as retaliation, by his employer.

22      13.   At all times mentioned herein, Defendants SARA LEE, EARTHGRAINS, BIMBO and/or
23  DOES 1-25 were "covered employers" under the California Family Rights Act ("CFRA"), as they
24  employed 50 or more people within a 75 mile radius to perform services for a salary or wage.

25      14.   At all times mentioned herein, Plaintiff was an "eligible employee" under the California
26  Family Rights Act ("CFRA"), as he had been employed by Defendants SARA LEE, EARTHGRAINS,
27  BIMBO and/or DOES 1-25 for at least 12 months and had been employed for over 1250 hours of service
28  in the 12 month period before he requested and/or took a medical leave from his employment.

THE
DOLAN
LAW FIRM
THE DOLAN EMPLOY-
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2 00
FAX: (415) 421-2 30

1    15.   At all times mentioned herein, California Government Code Section 12900, et seq., was in
2  full force and effect, and was binding upon Defendants SARA LEE, EARTHGRAINS, BIMBO, MARTY
3  BAKER, RIC DIAZ, and DOES 1-25.

4    16.   Plaintiff is informed, believes, and thereon alleges that Defendants SARA LEE,
5  EARTHGRAINS, BIMBO, and/or DOES 1-25 are employers subject to suit under the FEHA in that
6  Defendants are business organizations with 5 or more employees doing business in the State of California.

7    17.   On or about April 9, 2012, and within the time provided by law, Plaintiff filed verified charges
8  of discrimination, harassment and retaliation with the California Department of Fair Employment and
9  Housing ("DFEH") against Defendants SARA LEE, EARTHGRAINS, BIMBO, MARTY BAKER, and
10  RIC DIAZ, and received a "Right-to-Sue" notice on the same date.  On or about April 10, 2012, Plaintiff
11  timely served his DFEH Complaint and Right-to-Sue notice on Defendants via Certified U.S. Mail.
12  Plaintiff now timely files this action.

13    18.   Subject matter in this action is properly heard in this Court, as the action incorporates an
14  amount in controversy as set forth in the Complaint which exceeds $25,000.00.

15                        **FACTS COMMON TO ALL CAUSES OF ACTION**

16    19.   Plaintiff HUGAIS is a Muslim male of Arab descent born in Yemen and a member of a
17  protected classification based on his race, national origin, and religion.

18    20.   On or about November 4, 2007, Defendants hired Plaintiff HUGAIS as a salesperson based
19  in San Leandro.  As an salesperson, Plaintiff was responsible for ordering and delivering SARA LEE,
20  EARTHGRAINS, and/or BIMBO products to various retail stores in the San Francisco Bay Area.
21  Plaintiff operated a SARA LEE, EARTHGRAINS, and/or BIMBO vehicle, stocked SARA LEE,
22  EARTHGRAINS, and/or BIMBO products on location for Defendants' vendors, removed expired
23  products, and recorded and worked to ensure against product spoliation.  Plaintiff also maintained product
24  inventories and loaded and unloaded his truck at the SARA LEE, EARTHGRAINS, and/or BIMBO depot
25  in San Leandro at the end of his shift.

26    21.   Throughout his employment, Plaintiff worked long hours to complete his job responsibilities.
27  Despite the long hours required for the completion of his job, Defendants failed and/or refused to
28  compensate Plaintiff for all hours worked.

THE
DOLAN
LAW FIRM
THE DOLAN LAW FIRM
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-5-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    22.   Throughout the course of Plaintiff's employment, Defendants SARA LEE, EARTHGRAINS,

2    BIMBO, BAKER, DIAZ, and/or DOES 26-50 subjected Plaintiff to unwelcome and offensive race,

3    national origin, and religious based harassment, which he protested and opposed. Plaintiff has been

4    repeatedly mocked and ridiculed because of his race, religion, and/or national origin, and he has been

5    retaliated against for opposing such conduct and making repeated workplace complaints. Moreover, the

6    race-based conduct Plaintiff has complained about has been engaged in and/or witnessed by Defendants

7    SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 managers, supervisors, and/or managing

8    agents including DIAZ, a Human Resources Manager, and BAKER, one of Plaintiff's direct supervisors.

9    23.   For example, during his employment, Plaintiff's coworker stated to him, "All fucking Arabs

10    do nothing but ride fucking camels," in front of both coworkers and Defendants' supervisors and/or

11    managing agents. Another coworker of Plaintiff said to Plaintiff, "When you Muslims die, don't you get

12    67 virgins? I can see why the suicide bombers do it," and then walked away laughing. These statements

13    were unwelcome, offensive and harassing to Plaintiff, which Plaintiff protested and opposed.

14    24.   In or around May 2011, Defendant BAKER pressured Plaintiff to give up his approved

15    holiday vacation. Plaintiff explained to Defendant BAKER that he had requested the time off to care for

16    his son who suffers from a disabling medical condition. When Plaintiff explained to Defendant BAKER

17    that Plaintiff required his time off, Defendant BAKER challenged Plaintiff's right to leave and told

18    Plaintiff to take September 11th as his holiday, referring to the terrorist attacks at the World Trade Center.

19    Plaintiff complained about this unwelcome and offensive comment. This offensive and unwelcome

20    national origin and race based comment was made in front of Defendant DIAZ, Defendants' Human

21    Resources Manager and a managing agent of Defendants. Defendant DIAZ failed to take any remedial

22    action and/or ratified the conduct.

23    25.   Immediately after this incident, Plaintiff contacted his union representative and made a formal

24    complaint opposing the unlawful conduct. A few days later, Plaintiff's union representative contacted

25    Plaintiff and advised Plaintiff that he had spoken to Defendant BAKER and told Plaintiff that Defendant

26    BAKER 'did not mean' what he had said. Despite Plaintiff's complaints, Defendants SARA LEE,

27    EARTHGRAINS, BIMBO, and/or DOES 1-25 failed and/or refused to conduct a good faith investigation

28    and/or to take any remedial measures to protect Plaintiff in his job.

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

26. In or around May 2011, Plaintiff's supervisor told Plaintiff that Plaintiff should order a new drink at the bar called an Osama Bin Laden. Plaintiff asked his supervisor what he meant by that comment, and his supervisor replied, "A few shots and some water sprinkles," and walked away laughing. This statement was unwelcome, offensive and harassing to Plaintiff, which Plaintiff protested and opposed. Despite Plaintiff's complaints, Defendants failed and/or refused to take any remedial measures to protect Plaintiff in his job.

27. During Plaintiff's employment, another one of Plaintiff's coworkers repeatedly made unlawful and offensive racial slurs regarding one of Defendants' Middle Eastern customers. On one occasion, for example, Plaintiff's coworker stated that the customer was 'a typical Arab claiming he can't pay his bill even though he has all this money.' Despite Plaintiff's opposition to this unwelcome and offensive conduct, Defendants failed and/or refused to take any remedial measures to protect Plaintiff in his job.

28. In or around late October 2011, another one of Plaintiff's coworkers told Plaintiff that he had seen a bunch of Muslims praying at PetCo and that Plaintiff should go pray with them. Plaintiff's coworker also told Plaintiff that Muslims pray anywhere they find. Despite Plaintiff's opposition to such unwelcome and offensive statements, Defendants failed to take any remedial measures to protect Plaintiff in his job.

29. On or around November 1, 2011, Plaintiff wrote a letter to Defendant SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25's Human Resources department opposing the offensive race, national origin, and religious based conduct he had been subjected to. In his letter, Plaintiff described the ongoing unwelcome and offensive harassment he had suffered on account of his religion, race, and national origin in full view of Defendant's supervisors and/or managing agents. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 failed and/or refused to conduct a good faith investigation and/or to take any remedial measures to protect Plaintiff in his job.

30. On or around November 1, 2011, Plaintiff also wrote a letter to Defendant SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25's Human Resources department opposing the unsafe working conditions in which he was forced to work. In his letter, Plaintiff described the unsafe conditions of the depot and the multiple collisions and near accidents that had occurred in the past several months. Plaintiff explained that many complaints had been made to management, to no avail, and that he and other

THE
DOLAN
LAW FIRM
THE DOLAN LAW FIRM
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-7-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  employees were putting themselves in danger everyday due to the unsafe working conditions. Defendants
2  SARA LEE, EARTHGRAINS, BIMBO and/or DOES 1-25 failed and/or refused to conduct a good faith
3  investigation and/or to take any remedial measures to protect Plaintiff in his job.

4      31.  In or around early November 2011, Human Resources acknowledged receipt of Plaintiff's
5  written workplace complaints, yet failed and/or refused to conduct a good faith investigation and/or to take
6  any remedial measures to address Plaintiff's complaints or protect Plaintiff from further unlawful conduct.

7      32.  For approximately four years, Plaintiff worked without incident, successfully performing his
8  job duties and earning positive conduct and performance ratings. Immediately following his various
9  complaints, however, Defendants subjected Plaintiff to unwarranted job scrutiny and unjustified and
10 retaliatory disciplinary action. Instead of taking prompt corrective action and/or remedial measures,
11 Defendants further harassed and retaliated against Plaintiff when he complained and/or asserted his
12 employment rights. Defendants also subjected Plaintiff to heightened and unwarranted job scrutiny by
13 actually searching for and/or contriving performance issues to discipline and/or fire Plaintiff. Examples
14 of such further harassment, retaliation, and retaliatory discipline include but are not limited to the
15 following incidents:

16     33.  On or around November 4, 2011, Defendant BAKER harassed Plaintiff regarding his
17 employment status by asking him for his driver's license and green card. Plaintiff is informed and
18 believes and thereon alleges that Defendant BAKER did not ask any other employees to produce a driver's
19 license or green card.

20     34.  Plaintiff is informed and believes and thereon alleges that on or around November 4, 2011,
21 Defendant BAKER began and/or continued to surveil Plaintiff and monitor and scrutinize his job
22 performance and client relationships to solicit negative information regarding Plaintiff and in an apparent
23 search for some cause to discipline Plaintiff.

24     35.  On or around November 5, 2011, while at work, Plaintiff began hyperventilating and fell to
25 the floor. A coworker seeing the incident yelled out, "Gaddafi goes down." While Plaintiff protested and
26 opposed this unwelcome and offensive statement, Defendants failed to take any remedial action.

27     36.  On or around November 6, 2011, Plaintiff called Defendant BAKER and asked if there was
28 anyone who could fill in for him so that he could obtain medical treatment to evaluate the incident from

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94103
TEL: (415) 421-2800
FAX: (415) 421-2830

-8-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1 | the previous day. Despite notice of Plaintiff's disabling health condition, Defendant BAKER threatened
2 | to give Plaintiff a write-up and subject him to disciplinary action if Plaintiff called in sick that day. Based
3 | on his approximate four year employment with Defendants, Plaintiff observed and/or was advised that
4 | other employees who were of non-Middle Eastern descent and of non-Muslim faiths were not threatened
5 | with disciplinary action for seeking treatment for a disabling health condition.

6 | 37. In or around mid-November 2011, Plaintiff complained to Defendant BAKER that his co-
7 | workers were continuing to subject him to offensive and unwanted harassing race, national origin, and/or
8 | religious conduct. Defendants BAKER, SARA LEE, EARTHGRAINS, BIMBO and/or DOES 1-25
9 | ignored Plaintiff's complaints and failed to take remedial action to protect Plaintiff in his job.

10 | 38. On or around November 23, 2011, Plaintiff reached for a donut at work and a coworker yelled
11 | out, "Don't eat that, that's against your religion." This offensive comment was made in front of
12 | Defendant BAKER, Plaintiff's supervisor and/or Defendants' managing agent. This statement was
13 | unwelcome, offensive and harassing to Plaintiff. Despite Plaintiff's complaints, Defendant BAKER
14 | walked away without saying anything to Plaintiff's coworker.

15 | 39. On or around December 6, 2011, Plaintiff was advised by a coworker that Defendant BAKER
16 | was pressuring him to monitor and report any mistakes or flaws on Plaintiff's route that could be used to
17 | discipline Plaintiff. Plaintiff was advised by his coworker that Defendant BAKER called him all
18 | throughout the day and kept asking if he had found anything that Defendants SARA LEE,
19 | EARTHGRAINS, BIMBO and/or DOES 1-25 could use to discipline Plaintiff. The same day, Defendant
20 | BAKER harassed Plaintiff by following Plaintiff on his route soliciting negative information about
21 | Plaintiff and scrutinizing all of Plaintiff's work. At the end of the day, Defendant BAKER called Plaintiff
22 | into Defendant's office and wrote Plaintiff up for being absent from work one day in the fall of 2011 while
23 | on Family Medical Leave Act ("FMLA") leave to care for his son who suffers from a disabling medical
24 | condition.

25 | 40. In the fall of 2011, Defendants SARA LEE, EARTHGRAINS, BIMBO and/or DOES 1-25
26 | took repeated disciplinary action against Plaintiff for taking FMLA leave to care for his son who
27 | Defendants knew suffered from a serious and disabling medical condition. Despite Plaintiff's
28 | discrimination and retaliation complaints regarding his leave entitlements, Defendants failed and/or

THE
DOLAN
LAW FIRM
THE DOLAN LAW FIRM
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-9-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  refused to take remedial action.

2      41.   In or around December 2011, Plaintiff was subjected to further unwarranted disciplinary
3  action for incidental and minor ministerial issues, and Plaintiff was repeatedly accused of performance
4  deficiencies and/or misconduct, such as not turning on his display tracker and even product theft.

5      42.   Throughout 2011, Plaintiff was repeatedly called"Ali Baba" and "Momo the Gaddafi" by his
6  coworkers. Despite Plaintiff's complaints of race, national origin, and religious based harassment and
7  discrimination, Defendants failed to take any corrective action and/or remedial measures to protect
8  Plaintiff.

9      43.   On or around December 22, 2011, one of Plaintiff's coworkers showed Plaintiff pictures of
10  Osama Bin Laden's body spattered with bullet holes while the coworker laughed and showed other
11  coworkers the picture. Plaintiff was shocked and offended by this ongoing race, national origin, and/or
12  religious based conduct.

13      44.   On or around January 13, 2012, Plaintiff again submitted a written complaint to Defendants'
14  Human Resources department. At this time, Plaintiff again protested and opposed the unlawful race,
15  national origin, and/or religious based conduct and notified Defendants that the unwelcome and offensive
16  conduct was continuing unabated. Plaintiff further opposed the retaliation to which he was being
17  subjected since he had first protested Defendants unlawful harassment based on his race, national origin,
18  and religion. Again, despite Plaintiff's complaints, Defendants failed and/or refused to take any
19  preventive or remedial measures to protect Plaintiff in his job.

20      45.   Shortly after Plaintiff's January 2012 letter, Defendants SARA LEE, EARTHGRAINS,
21  BIMBO and/or DOES 1-25 convened a pre-shift meeting to discuss employment issues with Plaintiff and
22  his coworkers. During a 15-minute presentation, instead of addressing the working conditions that had
23  been the subject of Plaintiff's ongoing complaints, Defendant DIAZ focused his presentation on the role
24  of depositions in employment lawsuits. Defendant DIAZ advised the group that they would not want to
25  be deposed, stating that 'depositions are not fun.' Defendant DIAZ elaborated that depositions are
26  stressful. He then emphasized that attorneys can explore details of person's private life. Given Plaintiff's
27  recent workplace complaints, Plaintiff understood these comments to be directed at him to discourage him
28  from making any additional workplace complaints.

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

1       46.   On or around February 13, 2012, months after Plaintiff's first written complaint, Defendant

2   DIAZ finally responded to Plaintiff's discrimination and harassment complaints.  Despite being the

3   subject of Plaitniff's complaints and witnessing and/or ratifying unlawful conduct, Defendant DIAZ

4   advised Plaintiff that Defendants were "unable to confirm that any inappropriate behavior or conduct had

5   occurred."

6       47.   Plaintiff was shocked at Defendants SARA LEE, EARTHGRAINS, BIMBO and/or DOES

7   1-25 letter of February 13, 2012, particularly because Plaintiff was never interviewed as part of any

8   "investigation", Plaintiff was unaware that any of his coworkers were interviewed, and Defendant DIAZ

9   was the subject of Plaintiff's complaint and had witnessed, participated in and/or ratified prior harassing

10   and  discriminatory conduct.  Plaintiff made a further complaint to Defendants SARA LEE,

11   EARTHGRAINS, BIMBO and/or DOES 1-25 that Defendants had not conducted a good faith

12   investigation regarding Plaintiff's discrimination and harassment complaints, and that the offensive

13   conduct was continuing.

14       48.   In approximately June 2012, Plaintiff injured his foot and needed surgery.  Plaintiff was

15   placed on a doctor certified medical leave of absence through approximately April 2013. In January 2013,

16   Plaintiff spoke with Defendant BAKER and learned that Defendant BAKER had changed most of

17   Plaintiff's routes, taking away his most lucrative customers, as commissions are influenced by delivery

18   route. Based on his approximate four year employment with Defendants, Plaintiff observed and/or was

19   advised that other employees who were of non-Middle Eastern descent and of non-Muslim faiths, who

20   were out on medical leave for as long as two years, did not have their routes significantly changed.

21

22   **FIRST CAUSE OF ACTION**

23   **DISCRIMINATION BASED ON RACE AND/OR NATIONAL ORIGIN IN VIOLATION OF FEHA**

      **(CAL. GOV. CODE § 12900 et seq.)**

24   (Against Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25)

25

26       49.   By this reference, Plaintiff hereby incorporates each and every paragraph set forth above

      as though fully set forth at this place.

27

28       50.   Plaintiff is informed and believes, and thereon alleges that he was discriminated in the

**THE
DOLAN
LAW FIRM**
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

1  terms and conditions of his employment and/or was subjected to a workplace environment permeated

2  with harassment, as outlined above, on the basis of his race and/or national origin, as set forth herein,

3  in violation of the FEHA.

4      51.  Plaintiff is informed and believes and thereon alleges that Defendants SARA LEE,

5  EARTHGRAINS, BIMBO, and/or DOES 1-25 willfully and/or with reckless indifference violated

6  California Government Code sections 12900 et seq., and discriminated against Plaintiff as outlined

7  above on the basis of his race and/or national origin. Such discrimination has resulted in damage and

8  injury to Plaintiff as alleged herein.

9      52.  As a direct and proximate result of Defendants SARA LEE, EARTHGRAINS, BIMBO,

10  and/or DOES 1-25's unlawful conduct, Plaintiff has suffered special damages including but not limited

11  to past and future loss of income, benefits, and other damages to be proven at time of trial.

12      53.  As a direct and proximate result of Defendants SARA LEE, EARTHGRAINS, BIMBO,

13  and/or DOES 1-25's unlawful conduct, Plaintiff has suffered general damages including but not

14  limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress

15  and other damages to be proven at the time of trial.

16      54.  The unlawful conduct alleged above was engaged in by the officers, directors, supervisors

17  and/or managing agents of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25

18  who were acting at all times relevant to this Complaint within the scope and course of their

19  employment. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 are, therefore,

20  liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

21      55.  Defendants and/or DOES 1-50 committed the acts herein alleged maliciously, fraudulently

22  and oppressively in conscious disregard for Plaintiff's rights and such acts were committed by and/or

23  ratified by, and or were committed with the knowledge of employees' lack of fitness in the workplace

24  but were allowed to proceed, and/or were ratified by officers, directors, and/or managing agents of

25  Defendants and/or DOES 1-50. Plaintiff is, therefore, entitled to recover punitive damages against

26  Defendants and/or DOES 1-50 in an amount according to proof at trial.

27      56.  As a result of the conduct of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or

28  DOES 1-25, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly,

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-12-

1  Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount
2  according to proof at trial.

3      WHEREFORE, Plaintiff prays for judgment as set forth below.

4

5                              **SECOND CAUSE OF ACTION**
6          **HARASSMENT BASED ON RACE AND/OR NATIONAL ORIGIN IN**
                              **VIOLATION OF FEHA**
                          **(CAL. GOV. CODE § 12900 et seq.)**
7                        (Against All Defendants and/or DOES 1-50)

8      57.  By this reference, Plaintiff hereby incorporates each and every paragraph set forth above
9  as though fully set forth at this place.

10     58.  Plaintiff is informed and believes, and thereon alleges that he was harassed in the terms
11 and conditions of his employment and/or was subjected to a workplace environment permeated with
12 harassment, as outlined above, on the basis of his race and/or national origin, as set forth herein, in
13 violation of the FEHA.

14     59.  The above conduct was so severe and/or pervasive caused Plaintiff to perceive his work
15 environment as intimidating, hostile, or offensive work environment and created a hostile work
16 environment for Plaintiff, and a reasonable person in Plaintiff's position would perceive the work
17 environment as hostile.

18     60.  Plaintiff protested and opposed the harassing conduct, but the harassment continued.
19 Defendants failed to conduct a prompt and thorough good faith investigation and/or to take any
20 remedial measures.

21     61.  Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-50
22 willfully and/or with reckless indifference violated California Government Code sections 12900 *et*
23 *seq.* and harassed Plaintiff as outlined above on the basis of his race and/or national origin. Such
24 harassment has resulted in damage and injury to Plaintiff as alleged herein.

25     62.  As a direct and proximate result of the unlawful conduct of Defendants and Does 1-50,
26 Plaintiff has suffered special damages including but not limited to past and future loss of income,
27 benefits, and other damages to be proven at time of trial.

28     63.  As a direct and proximate result of the unlawful conduct of Defendants and Does 1-50,

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-13-

1   Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical

2   distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time

3   of trial.

4       64.    The unlawful conduct alleged above was engaged in by the officers, directors, supervisors,

5   and/or managing agents of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or Does 1-25 who

6   were acting at all times relevant to this Complaint within the scope and course of their employment.

7   Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or Does 1-25 are, therefore, liable for the

8   conduct of said agents and employees under the Doctrine of Strict Liability.

9       65.    Defendants and/or Does 1-50 committed the acts herein alleged maliciously, fraudulently

10  and oppressively in conscious disregard for Plaintiff's rights and such acts were committed by and/or

11  ratified by, and/or were committed with the knowledge of employees' lack of fitness in the workplace

12  but were allowed to proceed, and/or were ratified by officers, directors, and/or managing agents of

13  Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or Does 1-25.  Plaintiff is, therefore, entitled

14  to recover punitive damages against Defendants and/or Does 1-50 in an amount according to proof at

15  trial.

16      66.    As a result of the conduct of Defendants and/or Does 1-50, Plaintiff was forced to retain

17  an attorney in order to protect his rights.  Accordingly, Plaintiff seeks the reasonable attorneys' fees

18  and costs incurred in this litigation in an amount according to proof at trial.

19      WHEREFORE, Plaintiff prays for judgment as set forth below.

20                      **THIRD CAUSE OF ACTION**
                **DISCRIMINATION BASED ON RELIGION IN**
21                        **VIOLATION OF FEHA**
                      **(CAL. GOV. CODE § 12900 et seq.)**
22          (Against Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25)

23      67.    By this reference, Plaintiff hereby incorporates each and every paragraph set forth above

24  as though fully set forth at this place.

25      68.    Plaintiff is informed and believes and thereon alleges that he was discriminated against in

26  the terms and conditions of his employment, as outlined above, on the basis of his religion as set forth

27  herein, in violation of the FEHA.

28      69.    Plaintiff is informed and believes and thereon alleges that Defendants SARA LEE,

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-14-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  EARTHGRAINS, BIMBO, and/or DOES 1-25 willfully and/or with reckless indifference violated
2  California Government Code sections 12900 et seq., and discriminated against Plaintiff as outlined
3  above on the basis of his religion. Such discrimination has resulted in damage and injury to Plaintiff
4  as alleged herein.

5  70.  As a direct and proximate result of Defendants SARA LEE, EARTHGRAINS, BIMBO,
6  and/or DOES 1-25's unlawful conduct, Plaintiff has suffered special damages including but not limited
7  to past and future loss of income, benefits, and other damages to be proven at time of trial.

8  71.  As a direct and proximate result of Defendants SARA LEE, EARTHGRAINS, BIMBO,
9  and/or DOES 1-25's unlawful conduct, Plaintiff has suffered general damages including but not
10  limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress
11  and other damages to be proven at the time of trial.

12  72.  The unlawful conduct alleged above was engaged in by the officers, directors, supervisors
13  and/or managing agents of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25
14  who were acting at all times relevant to this Complaint within the scope and course of their
15  employment. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 are, therefore,
16  liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

17  73.  Defendants and/or DOES 1-50 committed the acts herein alleged maliciously, fraudulently
18  and oppressively in conscious disregard for Plaintiff's rights and such acts were committed by and/or
19  ratified by, and or were committed with the knowledge of employees' lack of fitness in the workplace
20  but were allowed to proceed, and/or were ratified by officers, directors, and/or managing agents of
21  Defendants and/or DOES 1-50. Plaintiff is, therefore, entitled to recover punitive damages against
22  Defendants and/or DOES 1-50 in an amount according to proof at trial.

23  74.  As a result of the conduct of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or
24  DOES 1-25, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly,
25  Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount
26  according to proof at trial.

27  WHEREFORE, Plaintiff prays for judgment as set forth below.

28  ///

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1498 MARKET STREET
SAN FRANCISCO,
CA
94103
TEL: (415) 421-2800
FAX: (415) 421-2830

**FOURTH CAUSE OF ACTION**
**HARASSMENT BASED ON RELIGION IN**
**VIOLATION OF FEHA**
**(CAL. GOV. CODE § 12900 et seq.)**
(Against All Defendants and/or DOES 1-50)

75. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

76. Plaintiff is informed and believes, and thereon alleges that he was harassed in the terms and conditions of his employment and/or was subjected to a workplace environment permeated with harassment, as outlined above, on the basis of his religion, as set forth herein, in violation of the FEHA.

77. The above conduct was so severe and/or pervasive caused Plaintiff to perceive his work environment as intimidating, hostile, or offensive work environment and created a hostile work environment for Plaintiff, and a reasonable person in Plaintiff's position would perceive the work environment as hostile.

78. Plaintiff protested and opposed the harassing conduct, but the harassment continued. Defendants failed to conduct a prompt and thorough good faith investigation and/or to take any remedial measures.

79. Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-50 willfully and/or with reckless indifference violated California Government Code sections 12900 *et seq.* and harassed Plaintiff as outlined above on the basis of his religion. Such harassment has resulted in damage and injury to Plaintiff as alleged herein.

80. As a direct and proximate result of the unlawful conduct of Defendants and Does 1-50, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

81. As a direct and proximate result of the unlawful conduct of Defendants and Does 1-50, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

82. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors,

1  and/or managing agents of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or Does 1-25 who

2  were acting at all times relevant to this Complaint within the scope and course of their employment.

3  Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or Does 1-25 are, therefore, liable for the

4  conduct of said agents and employees under the Doctrine of Strict Liability.

5       83.  Defendants and/or Does 1-50 committed the acts herein alleged maliciously, fraudulently

6  and oppressively in conscious disregard for Plaintiff's rights and such acts were committed by and/or

7  ratified by, and/or were committed with the knowledge of employees' lack of fitness in the workplace

8  but were allowed to proceed, and/or were ratified by officers, directors, and/or managing agents of

9  Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or Does 1-25. Plaintiff is, therefore, entitled

10  to recover punitive damages against Defendants and/or Does 1-50 in an amount according to proof at

11  trial.

12       84.  As a result of the conduct of Defendants and/or Does 1-50, Plaintiff was forced to retain

13  an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees

14  and costs incurred in this litigation in an amount according to proof at trial.

15       WHEREFORE, Plaintiff prays for judgment as set forth below.

16

17  <div align="center">**FIFTH CAUSE OF ACTION**</div>

18  <div align="center">**RETALIATION IN VIOLATION OF FEHA**
<div align="center">**(CAL. GOV. CODE § 12900 et seq.)**</div>
<div align="center">(Against Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25)</div>

19

20       85.  By this reference, Plaintiff hereby incorporates each and every paragraph set forth above

21  as though fully set forth at this place.

22       86.  Pursuant to the California Government Code, section 12900 et seq., Plaintiff had a legal

23  right to be free from discrimination and harassment.

24       87.  As a result of Plaintiff protesting the severe and/or pervasive harassment to which he was

25  subjected on the basis of his religion, race, and national origin, as described above, Defendants SARA

26  LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 retaliated against Plaintiff by further harassing

27  him and altering the terms of his employment.

28       88.  As a direct and proximate result of the unlawful conduct of Defendants SARA LEE,

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-17-

EARTHGRAINS, BIMBO, and/or DOES 1-25, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at time of trial.

89. As a direct and proximate result of the unlawful conduct of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

90. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

91. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Plaintiff's rights and such acts were committed by and/or ratified by, and/or were committed with the knowledge of employees' lack of fitness in the workplace, but were allowed to proceed by officers, directors, and/or managing agents of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25. Plaintiff is, therefore, entitled to recover punitive damages from Defendants in an amount according to proof at trial.

92. As a result of the conduct of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

///

///

///

///

THE
DOLAN
LAW FIRM
THE DOLAN LAW FIRM
1436 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-18-
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## SIXTH CAUSE OF ACTION
### INTERFERENCE IN VIOLATION OF CFRA
#### (Cal. Govt. Code § 12900 et seq.)
(Against SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25)

93.    Plaintiff is informed and believes, and thereon alleges that he was discriminated against in the terms and conditions of his employment, as outlined above, as a result of exercising his right to request and/or take medical leave from his employment.

94.    Plaintiff was an "eligible employee" under the California Family Rights Act ("CFRA"), as he had been employed by Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 for at least 12 months and had been employed for over 1250 hours of service in the 12 month period before he requested and took a medical leave from his employment.

95.    Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 were each a "covered employer" under the CFRA, as they employed 50 or more people within a 75-mile radius to perform services for a salary or wage.

96.    Plaintiff provided Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 with notice of his request for protected medical leave, including a request for intermittent leave.

97.    Plaintiff requested medical leave from his employment for a reason covered under the CFRA: the serious health condition of Plaintiff's son.

98.    Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 interfered with and/or denied Plaintiff's right to take medical leave, including intermittent leave, by refusing to provide Plaintiff with information regarding his eligibility for leave and right to return to work in the same and/or an equivalent position and/or by denying his leave request outright.

99.    Plaintiff is informed and believes and thereon alleges that Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 willfully and/or with reckless indifference violated California Government Code Section 12900, et seq, including Section 12945.2, and interfered with and denied Plaintiff's right to request and/or take medical leave from his employment. Such actions have resulted in damage and injury to Plaintiff as alleged herein.

100.  As a direct and proximate result of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25's unlawful conduct, Plaintiff has suffered special damages including but not limited

THE
DOLAN
LAW FIRM
THE DOLAN LAW FIRM
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-19-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    to past and future loss of income, benefits, medical expenses, and other damages to be proven at time

2    of trial.

3       101. As a direct and proximate result of the unlawful conduct of Defendants SARA LEE,

4    EARTHGRAINS, BIMBO, and/or DOES 1-25, and each of them, Plaintiff has suffered general

5    damages including but not limited to shock, embarrassment, physical distress and injury, humiliation,

6    emotional distress, stress and other damages to be proven at the time of trial.

7       102. The unlawful conduct alleged above was engaged in and/or ratified by the officers,

8    directors, supervisors and/or managing agents of Defendants SARA LEE, EARTHGRAINS, BIMBO,

9    and/or DOES 1-25 , and each of them, who were acting at all times relevant to this Complaint within

10    the scope and course of their employment. Defendants SARA LEE, EARTHGRAINS, BIMBO,

11    and/or DOES 1-25 are, therefore, liable for the conduct of said agents and employees under the

12    Doctrine of Strict Liability.

13       103. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25, and each of

14    them, committed the acts herein alleged maliciously, fraudulently and oppressively in conscious

15    disregard for Plaintiff's rights.  Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-

16    25 committed and/or ratified the acts alleged herein. These acts were committed with the knowledge

17    of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors,

18    and/or managing agents of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25.

19    Plaintiff is, therefore, entitled to recover punitive damages from Defendants in an amount according to

20    proof at trial

21       104. As a result of the conduct of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or

22    DOES 1-25, and each of them, Plaintiff was forced to retain an attorney in order to protect his rights.

23    Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an

24    amount according to proof at trial.

25    ///

26    ///

27    ///

28    ///

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94103
TEL: (415) 421-2800
FAX: (415) 421-2830

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SEVENTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF CFRA
#### (Cal. Govt. Code § 12900 et seq.)
(Against SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25)

105. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

106. Plaintiff is informed and believes, and thereon alleges that he was retaliated against in the terms and conditions of his employment, as outlined above, as a result of exercising his right to request and take medical leave from his employment.

107. Plaintiff was an "eligible employee" under the CFRA, as he had been employed by Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 for at least 12 months and had been employed for over 1250 hours of service in the 12 month period before he requested and took a medical leave from his employment.

108. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 were each a "covered employer" under the CFRA, as they employed 50 or more people within a 75-mile radius to perform services for a salary or wage.

109. Plaintiff provided Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 with notice of Plaintiff's request for protected medical leave, including a request for intermittent leave.

110. Plaintiff requested medical leave from his employment for reasons covered under the CFRA: the serious health condition of Plaintiff's son and his injured foot.

111. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 retaliated against Plaintiff for exercising his right to request and/or take medical leave under the CFRA by subjecting Plaintiff to heightened job scrutiny and unwarranted disciplinary action and by not returning Plaintiff to an equivalent position.

112. Plaintiff is informed and believes and thereon alleges that Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 willfully and/or with reckless indifference violated California Government Code Section 12945.2 and discriminated against Plaintiff as outlined above, as a result of exercising his right to request and/or take medical leave from his employment. Such discrimination has resulted in damage and injury to Plaintiff as alleged herein.

113. As a direct and proximate result of Defendants SARA LEE, EARTHGRAINS, BIMBO,

THE
DOLAN
LAW FIRM
THE DOLAN LAW FIRM
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

1 and/or DOES 1-25's unlawful conduct, Plaintiff has suffered special damages including but not limited
2 to past and future loss of income, benefits, medical expenses, and other damages to be proven at time
3 of trial.

4     114. As a direct and proximate result of the unlawful conduct of Defendants SARA LEE,
5 EARTHGRAINS, BIMBO, and/or DOES 1-25 , and each of them, Plaintiff has suffered general
6 damages including but not limited to shock, embarrassment, physical distress and injury, humiliation,
7 emotional distress, stress and other damages to be proven at the time of trial.

8     115. The unlawful conduct alleged above was engaged in and/or ratified by the officers,
9 directors, supervisors and/or managing agents of Defendants SARA LEE, EARTHGRAINS, BIMBO,
10 and/or DOES 1-25, and each of them, who were acting at all times relevant to this Complaint within
11 the scope and course of their employment. Defendants SARA LEE, EARTHGRAINS, BIMBO,
12 and/or DOES 1-25 are, therefore, liable for the conduct of said agents and employees under the
13 Doctrine of Strict Liability.

14     116. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25, and each of
15 them, committed the acts herein alleged maliciously, fraudulently and oppressively in conscious
16 disregard for Plaintiff's rights. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-
17 25 committed and/or ratified the acts alleged herein. These acts were committed with the knowledge
18 of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors,
19 and/or managing agents of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25.
20 Plaintiff is, therefore, entitled to recover punitive damages from Defendants in an amount according to
21 proof at trial.

22     117. As a result of the conduct of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or
23 DOES 1-25, and each of them, Plaintiff was forced to retain an attorney in order to protect his rights.
24 Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an
25 amount according to proof at trial.

26     WHEREFORE, Plaintiff prays for judgment as set forth below.

27 //

28 //

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

## EIGHTH CAUSE OF ACTION
### FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION AND HARASSMENT FROM OCCURRING IN VIOLATION OF FEHA
### (CAL. GOV. CODE § 12900 et seq.)
(Against Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25)

118. By this reference, Plaintiffs hereby incorporate each and every paragraph set forth above as though fully set forth at this place.

119. Plaintiff is informed and believes, and thereon alleges that Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25, and each of them, failed to take all reasonable steps to prevent and/or stop discrimination and harassment from occurring in the workplace, and as a result said harassment and discrimination did occur and continued to occur in violation of California Government Code section 12940(k).

120. Plaintiff is informed, believes, and thereon alleges that discrimination and/or retaliation against her resulted from Defendants SARA LEE'S, EARTHGRAINS', BIMBO'S, and/or DOES' 1-25 failure to have in place a prophylactic anti-discrimination and retaliation policy and/or reporting mechanism and/or their failure to take all reasonable steps to prevent discrimination and/or retaliation from occurring in the workplace.

121. As a direct and proximate result of the unlawful conduct of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

122. As a direct and proximate result of the unlawful conduct of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

123. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 committed the acts herein alleged maliciously, fraudulently, and oppressively in conscious disregard of Plaintiff's rights and such acts were committed by and/or ratified by, and/or were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, and/or were ratified by officers, directors, and/or managing agents of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25. Plaintiff is, therefore, entitled to recover punitive damages against Defendants

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94103
TEL: (415) 421-2800
FAX: (415) 421-2830

-23-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 in an amount according to proof at trial.

2         124. As a result of the conduct of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or

3    DOES 1-25, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly,

4    Plaintiff seeks the reasonable attorneys fees and costs incurred in this litigation in an amount

5    according to proof at trial.

6         WHEREFORE, Plaintiff prays for judgment as set forth below.

7

8                              **NINTH CAUSE OF ACTION**
     **FAILURE TO TAKE APPROPRIATE REMEDIAL MEASURES IN VIOLATION OF FEHA**
9                          **(CAL. GOV. CODE § 12900 et sea.)**
                (Against Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES1-25)

10

11        125. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above

12   as though fully set forth at this place.

13        126. Plaintiff is informed, believes, and thereon alleges that Defendants SARA LEE,

14   EARTHGRAINS, BIMBO, and/or DOES 1-25, as the employers and/or managing agents and/or

15   supervisors of Plaintiff, and/or of the Defendants alleged herein, failed to investigate and/or take other

16   remedial measures when they knew or should have known of the unlawful conduct occurring in the

17   workplace against Plaintiff. As such, Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or

18   DOES 1-25 violated FEHA's mandate to take immediate and appropriate remedial measures in such

19   circumstances pursuant to Cal. Govt. Code section 12940(j).

20        127. Plaintiff is informed, believes, and thereon alleges that she was subjected to further

21   discrimination, harassment, and retaliation as a result of the failure of Defendants SARA LEE,

22   EARTHGRAINS, BIMBO, and/or DOES 1-25 to take immediate and appropriate remedial measures.

23        128. As a direct and proximate result of the unlawful conduct of Defendants SARA LEE,

24   EARTHGRAINS, BIMBO, and/or DOES 1-25, Plaintiff has suffered special damages including but

25   not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

26        129. As a direct and proximate result of the unlawful conduct of Defendants SARA LEE,

27   EARTHGRAINS, BIMBO, and/or DOES 1-25, Plaintiff has suffered general damages including but

28   not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress,

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

1    stress and other damages to be proven at the time of trial.

2        130. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 committed the

3    acts herein alleged maliciously, fraudulently, and oppressively in conscious disregard for Plaintiff's

4    rights and such acts were committed by and/or ratified by, and/or were committed with the knowledge

5    of employees' lack of fitness in the workplace but were allowed to proceed, and/or were ratified by

6    officers, directors, and/or managing agents of Defendants SARA LEE, EARTHGRAINS, BIMBO,

7    and/or DOES 1-25. Plaintiff is, therefore, entitled to recover punitive damages against Defendants

8    SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 in an amount according to proof at trial.

9        131. As a result of the conduct of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or

10   DOES 1-25, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly,

11   Plaintiff seeks the reasonable attorneys fees and costs incurred in this litigation in an amount

12   according to proof at trial.

13       WHEREFORE, Plaintiffs pray for judgment as set forth below.

14

15                              **TENTH CAUSE OF ACTION**
                    **RETALIATION IN VIOLATION OF LABOR CODE § 6310**
16                    (Against SARA LEE, EARTHGRAINS, BIMBO, and DOES 1-25)
         132. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above
17   as though fully set forth at this place.

18       133. At all times mentioned herein, Labor Code Section 6310 was in full force and effect, and,

19   in part, prohibited retaliation against employees for making internal complaints to their employer

20   regarding unsafe working conditions.

21       134. Plaintiff is informed and believes and thereon alleges that Defendants willfully and/or

22   with reckless indifference violated California Labor Code Section 6310 by retaliating against Plaintiff

23   because Plaintiff complained to Defendants of unsafe working conditions. For example, Plaintiff

24   complained that empty baskets and rolling dollies which were placed around Plaintiff's truck made it

25   difficult and unsafe for Plaintiff to drive by. Plaintiff also complained that gas fumes in the garage

26   were dangerous and harmful.

27       135. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has

28   suffered special damages including, but not limited to, past and future loss of income, benefits, and

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-25-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  other damages to be proven at time of trial.

2  136. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has

3  suffered general damages including but not limited to shock, embarrassment, humiliation, emotional

4  distress, stress, and other damages to be proven at the time of trial.

5  137. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors,

6  and/or managing agents of Defendants, who were acting at all times relevant to this Complaint within

7  the scope and course of their employment. Defendants, therefore, are liable for the conduct of said

8  agents and employees under the Doctrine of Strict Liability.

9  138. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively

10  in conscious disregard of Plaintiff's rights. Defendants committed and/or ratified the acts alleged

11  herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace

12  but were allowed to proceed by officers, directors, and/or managing agents of Defendants.

13  Furthermore, these acts were committed by Defendants' owner and managing agents, Defendants

14  DIAZ and BAKER and/or DOES 26-50. Plaintiff is, therefore, entitled to recover punitive damages

15  from Defendant in an amount according to proof at trial.

16  139. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order

17  to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in

18  this litigation in an amount according to proof at trial.

19  WHEREFORE, Plaintiff prays for relief as set forth below.

20

21
### ELEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING/PROMOTION, RETENTION AND SUPERVISION
(Against Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25)

22

23  140. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above

24  as though fully set forth at this place.

25  141. Plaintiff is informed and believes and thereon alleges that at the time Defendant DIAZ

26  was hired by Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES1-25 to be the Human

27  Resource Manager, he had neither the requisite background, skills or experience to perform the

28  functions that position required. In addition, Defendant DIAZ lacked the religion, race and

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

1   harassment prevention training that was required for management-level employees of Defendants

2   SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25. Defendants SARA LEE,

3   EARTHGRAINS, BIMBO, and/or DOES1-25 either failed to investigate the fitness of Defendant

4   DIAZ for his senior management position or hired Defendant DIAZ despite the knowledge of his lack

5   of fitness for the position of Human Resources Manager.

6       142. Plaintiff is informed and believes and thereon alleges that at the time Defendant BAKER

7   was hired by Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 for the position

8   of Sales Manager, he had neither the requisite background, skills, or experience to perform any of the

9   management functions for which he was hired by Defendants SARA LEE, EARTHGRAINS, BIMBO,

10  and/or DOES 1-25, including adequate training and supervision in religion, race and harassment

11  matters and prevention within the workplace. Defendants SARA LEE, EARTHGRAINS, BIMBO,

12  and/or DOES 1-25 either failed to investigate, in a proper manner, Defendant BAKER's qualifications

13  and fitness for his Sales Manager position or hired Defendant BAKER despite their knowledge of his

14  lack of fitness for management functions and positions.

15      143. Plaintiff is informed and believes and thereon alleges that at the time Defendants BAKER

16  and DIAZ were retained in their employment Defendants SARA LEE, EARTHGRAINS, BIMBO,

17  and/or DOES 1-25, knew or should have known that Defendants BAKER and DIAZ were unfit to

18  perform the functions of each of their jobs and/or posed an undue risk to the employees of Defendants

19  SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25, of which Plaintiff is an employee.

20  Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 either failed to properly

21  investigate the fitness for duty of Defendants BAKER and DIAZ or failed to adequately supervise

22  Defendants BAKER and DIAZ despite their knowledge of Defendants BAKER and DIAZ's lack of

23  fitness for duty.

24      144. As a result of the lack of fitness for duty of Defendants BAKER and DIAZ, and the

25  unreasonable risks they posed to the employees of Defendants SARA LEE, EARTHGRAINS,

26  BIMBO, and/or DOES 1-25, and as a result of their being negligently promoted/hired, retained and

27  supervised within Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25, Plaintiff

28  was discriminated against and harassed in violation of FEHA on the basis of his religion, race and/or

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94103
TEL: (415) 431-2800
FAX: (415) 431-2830

1    national origin to the detriment of Plaintiff.

2        145. As a direct, legal, and proximate result of Defendants SARA LEE, EARTHGRAINS,

3    BIMBO, and/or DOES 1-25's aforesaid negligence, carelessness, recklessness, and violations of the

4    law Plaintiff has suffered special damages including but not limited to past and future loss of income,

5    benefits, and other damages to be proven at time of trial.

6        146. As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 1-

7    50, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical

8    distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time

9    of trial.

10       147. Defendants and/or DOES 1-50 committed the acts herein alleged maliciously, fraudulently

11    and oppressively in conscious disregard for Plaintiff's rights and such acts were committed by and/or

12    ratified by, and or were committed with the knowledge of employees' lack of fitness in the workplace

13    but were allowed to proceed, and/or were ratified by officers, directors, and/or managing agents of

14    Defendants and/or DOES 1-50. Plaintiffs are, therefore, entitled to recover punitive damages against

15    Defendants and/or DOES 1-50 in an amount according to proof at trial.

16       WHEREFORE, Plaintiff prays for judgment as set forth below.

17

18                 **TWELFTH CAUSE OF ACTION**
         **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

19                (Against All Defendants and/or Does 1-50)

20       148. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above

21    as though fully set forth at this place.

22       149. By the conduct alleged above, which is prohibited under Cal. Govt. Code §§ 12900 et seq.

23    and Cal. Lab. Code § 6310, Defendants and/or DOES 1-50 and their supervisors, agents and/or

24    officers, acted outrageously, with the intention to cause, or with reckless disregard of the probability of

25    causing Plaintiff severe emotional distress. This conduct, which was unprivileged and unwanted by

26    Plaintiff, actually and proximately caused Plaintiff severe emotional distress.

27       150. Defendants and/or DOES1-50, as alleged above, harmed Plaintiff because those actions

28

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-28-

1    caused them to suffer humiliation, mental anguish, and emotional and physical distress. The actions
2    of Defendants and/or DOES 1-50, as alleged above, also injured Plaintiff's minds and bodies. As a
3    result of such unlawful conduct and consequent harm, Plaintiff suffered damages that will be proven at
4    trial.

5        151. Defendants' and/or DOES 1-50's conduct proximately caused Plaintiff to suffer, and to
6    continue to suffer, damages, including lost wages and other employment benefits, and Plaintiff has
7    suffered the intangible loss of such employment-related opportunities in an amount which will be
8    proven at trial.

9        152. Defendants and/or DOES 1-50 committed the acts herein alleged maliciously, fraudulently
10   and oppressively in conscious disregard for Plaintiff's rights and such acts were committed by and/or
11   ratified by, and/or were committed with the knowledge of employees' lack of fitness in the workplace
12   but were allowed to proceed, and/or were ratified by officers, directors, and/or managing agents of
13   Defendants and/or DOES 1-50. Plaintiff is, therefore, entitled to recover punitive damages against
14   Defendants and/or DOES 1-50 in an amount according to proof at trial.

15       WHEREFORE, Plaintiff prays for relief as set forth below.

16

17                            **THIRTEENTH CAUSE OF ACTION**
                    **FAILURE TO COMPENSATE FOR ALL HOURS WORKED**
18                          **(Lab. Code §§ 204, 510, 1194 and 1198)**
              (Against Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25)

19       153. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above
20   as though fully set forth at this place.

21       154. Labor Code section 204 establishes the fundamental right of all employees in the State of
22   California to be paid wages in a timely fashion for their work, including any overtime.

23       155. Labor Code section 510 defines a day's work as eight hours and states that any work in
24   excess of eight hours in one work day and any work in excess of 40 hours in any one work week must
25   be compensated at the rate of no less than one and one half times the regular rate of pay.

26       156. Pursuant to Labor Code section 1194, Plaintiff is entitled to bring a civil action to seek to
27   recover, inter alia, overtime wages from Defendants without exhausting any administrative remedies
28   which potentially may be available by Statute or Code.

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

157. Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission ("IWC") or under conditions prohibited by IWC Orders. IWC Wage Order Number 4-2001, the Order applicable to Plaintiff's employment, provides for payment of overtime wages equal to one and one half times an employee's regular rate of pay for all hours worked in excess of eight hours in a work day or 40 hours in a work week.

158. Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 regularly expected that Plaintiff work in excess of eight hours in a work day and/or 40 hours in a work week.

159. At all relevant times, Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25 failed to pay Plaintiff wages when due, and violated Labor Code section 204.

160. Such a pattern, practice and uniform administration of unlawful corporate policy designed to deprive an employee of compensation, creates a cause of action for Plaintiff to recover the unpaid balance of the amount of overtime and other compensation, including interest thereon, reasonable attorneys' fees, costs of suit, and statutory penalties.

161. As a result of the conduct of Defendants SARA LEE, EARTHGRAINS, BIMBO, and/or DOES 1-25, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

Wherefore, Plaintiff makes the following demand:

As to the First through Tenth Causes of Action set forth herein, Plaintiff prays:

a) That process be issued and served as provided by law, requiring Defendants to appear and answer or face judgment;

b) That Plaintiff have and recover judgment against Defendants in an amount to be determined at trial as general damages for their wrongful conduct;

c) That Plaintiff have and recover judgment against Defendants in an amount to be determined at trial as special, actual, compensatory and/or nominal damages for their wrongful conduct;

-30-

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94103
TEL: (415) 421-2800
FAX: (415) 421-2830

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

d)   That Plaintiff have and recover a judgment against Defendants for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants;

e)   That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorney's fees and costs;

f)   That Plaintiff have and recover a judgment against Defendants for all pre-judgment and post-judgment interest; and

g)   That Plaintiff have such other relief as provided for by law and/or this Court deems just and proper.

As to the Eleventh and Twelfth Causes of Action set forth herein, Plaintiff prays:

a)   That process be issued and served as provided by law, requiring Defendants to appear and answer or face judgment;

b)   That Plaintiff have and recover judgment against Defendants in an amount to be determined at trial as general damages for their wrongful conduct;

c)   That Plaintiff have and recover judgment against Defendants in an amount to be determined at trial as special, actual, compensatory and/or nominal damages for their wrongful conduct;

d)   That Plaintiff has and recovers a judgment against all Defendants and/or DOES 1-50 for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants;

e)   That Plaintiff has and recovers a judgment against Defendants for all prejudgment interest;

f)   That Plaintiff has such other relief as this Court deems just and appropriate.

As to the Thirteenth Cause of Action set forth herein, Plaintiff prays:

a)   That process be issued and served as provided by law, requiring Defendant to appear and answer or face judgment;

b)   That Plaintiff have and recover judgment against Defendant in an amount to be determined at trial as special, actual, compensatory and/or nominal damages for its

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

-31-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    wrongful conduct;

2    c)    That Plaintiff have and recover a judgment against Defendant in an amount to be

3          determined at trial for expenses of this litigation, including, but not limited to, reasonable

4          attorney's fees and costs; and

5    d)    That Plaintiff have and recover all statutory penalties available;

6    e)    That Plaintiff have and recover a judgment against Defendant for all pre-judgment and

7          post-judgment interest; and

8    f)    That Plaintiff have such other relief as this Court deems just and proper.

9

10   DATED: April 4, 2013                           **THE DOLAN LAW FIRM**

11

12                                                  By: _____
                                                        CHRISTOPHER B. DOLAN
13                                                      MICHAEL J. DEPAUL
                                                        GHAZALEH MODARRESI
14                                                      Attorneys for Plaintiff
                                                        MOHAMED HUGAIS

15

16                              **DEMAND FOR JURY TRIAL**

17   Plaintiff MOHAMED HUGAIS hereby demands Trial by Jury.

18

19   DATED: April 4, 2013                           **THE DOLAN LAW FIRM**

20                                                  By: _____
                                                        CHRISTOPHER B. DOLAN
21                                                      MICHAEL J. DEPAUL
                                                        GHAZALEH MODARRESI
22                                                      Attorneys for Plaintiff
                                                        MOHAMED HUGAIS

23

24

25

26

27

28

-32-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

Exhibit B

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** SARA LEE CORPORATION, a Maryland
*(AVISO AL DEMANDADO):* corporation doing business in
California; EARTHGRAINS BAKING COMPANY, INC., a
Delaware corporation doing business in California;
BIMBO BAKERIES USA, INC., a Delaware corporation
doing business in California; MARTY BAKER, an
individual; RIC DIAZ, an individual, and DOES 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** MOHAMED HUGAIS
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ENDORSED
FILED
ALAMEDA COUNTY

APR 0 4 2013

CLERK OF THE SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda Superior Court<br>1225 Fallon Street<br><br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>**RG 13674251** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher B. Dolan (SBN 165358)          (415) 421-2800
Michael DePaul (SBN 231641)
Ghazaleh Modarresi (SBN 280339)
THE DOLAN LAW FIRM, 1438 Market Street, San Francisco, CA

DATE: 4/4/13          Clerk, by _____, Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

Pat Sweeten          Anita Dhir

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* EARTHGRAINS BAKING COMPANY, INC., a Delaware corporation doing business in California

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4-26-13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit C

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** SARA LEE CORPORATION, a Maryland
*(AVISO AL DEMANDADO):* corporation doing business in
California; EARTHGRAINS BAKING COMPANY, INC., a
Delaware corporation doing business in California;
BIMBO BAKERIES USA, INC., a Delaware corporation
doing business in California; MARTY BAKER, an
individual; RIC DIAZ, an individual, and DOES 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** MOHAMED HUGAIS
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

APR 0 4 2013

CLERK OF THE SUPERIOR COURT
Anita Dhir

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda Superior Court
1225 Fallon Street

Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):* RG 13674251

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher B. Dolan (SBN 165358)          (415) 421-2800
Michael DePaul (SBN 231641)
Ghazaleh Modarresi (SBN 280339)
THE DOLAN LAW FIRM, 1438 Market Street, San Francisco, CA

DATE: 4/4/13    Pat Sweeten    Clerk, by _Anita Dhir_____, Deputy
*(Fecha)*                        *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* BIMBO BAKERIES USA, INC. a Delaware corporation doing business in California

   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 4.26.0

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

Exhibit D

THE HILLSHIRE BRANDS COMPANY
formerly known as SARA LEE CORPORATION

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:** SARA LEE CORPORATION, a Maryland
**(AVISO AL DEMANDADO):** corporation doing business in
California; EARTHGRAINS BAKING COMPANY, INC., a
Delaware corporation doing business in California;
BIMBO BAKERIES USA, INC., a Delaware corporation
doing business in California; MARTY BAKER, an
individual; RIC DIAZ, an individual, and DOES 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** MOHAMED HUGAIS
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

ENDORSED
FILED
ALAMEDA COUNTY

APR 0 4 2013

CLERK OF THE SUPERIOR COURT
Pat Sweeten

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Alameda Superior Court
1225 Fallon Street

CASE NUMBER:
(Número del Caso):
RG13674251

Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Christopher B. Dolan (SBN 165358)          (415) 421-2800
Michael DePaul (SBN 231641)
Ghazaleh Modarresi (SBN 280339)
THE DOLAN LAW FIRM, 1438 Market Street, San Francisco, CA

DATE: 4/4/13          Clerk, by Anita Dhir, Deputy
(Fecha)          Pat Sweeten (Secretario)          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): SARA LEE CORPORATION, a Maryland corporation doing business in California

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☒ by personal delivery on (date): 5-1-13

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit E

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** SARA LEE CORPORATION, a Maryland
*(AVISO AL DEMANDADO):* corporation doing business in
California; EARTHGRAINS BAKING COMPANY, INC., a
Delaware corporation doing business in California;
BIMBO BAKERIES USA, INC., a Delaware corporation
doing business in California; MARTY BAKER, an
individual; RIC DIAZ, an individual, and DOES 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** MOHAMED HUGAIS
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

APR 0 4 2013

CLERK OF THE SUPERIOR COURT
Anita Dhir

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Alameda Superior Court 1225 Fallon Street Oakland, CA 94612 | CASE NUMBER *(Número del Caso):* RG13674251 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher B. Dolan (SBN 165358)    (415) 421-2800
Michael DePaul (SBN 231641)
Ghazaleh Modarresi (SBN 280339)
THE DOLAN LAW FIRM, 1438 Market Street, San Francisco, CA 94102

| | | | |
|---|---|---|---|
| DATE: 4/4/13 *(Fecha)* | Pat Sweeten | Clerk, by Anita Dhir *(Secretario)* | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

FAXED

Exhibit F

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

APR 0 4 2013

CLERK OF THE SUPERIOR COURT
Anita Dhir

**NOTICE TO DEFENDANT:** SARA LEE CORPORATION, a Maryland
**(AVISO AL DEMANDADO):** corporation doing business in
California; EARTHGRAINS BAKING COMPANY, INC., a
Delaware corporation doing business in California;
BIMBO BAKERIES USA, INC., a Delaware corporation
doing business in California; MARTY BAKER, an
individual; RIC DIAZ, an individual, and DOES 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** MOHAMED HUGAIS
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Alameda Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
(Número del Caso): R G 1 3 6 7 4 2 5 1

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Christopher B. Dolan (SBN 165358)          (415) 421-2800
Michael DePaul (SBN 231641)
Ghazaleh Modarresi (SBN 280339)
THE DOLAN LAW FIRM, 1438 Market Street, San Francisco, CA 94102

DATE: 4/4/13          Clerk, by Anita Dhir , Deputy
(Fecha)          Pat Sweeten          (Secretario)          (Adjunto)
          Clerk, by

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465
Page 1 of 1

FAXED

Exhibit G

The Dolan Law Firm
Attn: Dolan, Christopher B.
1438 Market Street
San Francisco, CA 94102____

## Superior Court of California, County of Alameda

| Hugais | | No. RG13674251 |
|---|---|---|
| **Plaintiff/Petitioner(s)** | | **NOTICE OF CASE MANAGEMENT** |
| VS. | | **CONFERENCE AND ORDER** |
| Sara Lee Corporation | | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | | |
| (Abbreviated Title) | | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 08/19/2013 | Department: 18 | Judge: **Michael Ballachey** |
|---|---|---|
| Time: 03:30 PM | Location: **Administration Building** | Clerk: **Mariama Gebeyehou** |
| | **Third Floor** | Clerk telephone: (510) 267-6934 |
| | **1221 Oak Street, Oakland CA 94612** | E-mail: |
| | | Dept.18@alameda.courts.ca.gov |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax: (510) 267-1506 |

### ORDERS

1.  You must:
    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  Give notice of this conference to any party not included in this notice and file proof of service;
    c.  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  File and serve a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.

†Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/09/2013.

By _____

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG13674251
Case Title:   Hugals VS Sara Lee Corporation
Date of Filing: 04/04/2013

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| **Judge:** | **Michael Ballachey** |
| **Department:** | **18** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6934** |
| **Fax Number:** | **(510) 267-1506** |
| **Email Address:** | **Dept.18@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(d) effective as of 01/01/2013). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

<div align="center">

ASSIGNED FOR ALL PURPOSES TO
JUDGE Michael Ballachey
DEPARTMENT 18

</div>

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

## Schedule for Department 18

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Monday through Thursday from 8:30 am - 1:30 pm

- Case Management Conferences are held: Monday, Tuesday and Thursday at 3:30 p.m.

- Initial Case Management Conferences are held on Monday, Tuesday, and Thursday at 3:30 p.m.

- The court will issue tentative orders (TCMO). Rulings are found on the Court's website as "CMC Rulings & Orders".

- Law and Motion matters are heard: Wednesday at 3:00 p.m. and Friday at 10:00 a.m.

- Settlement Conferences are heard: Calendared by the Court.

- Ex Parte matters are heard: Only at the discretion of the court. Applications and any written responses thereto are filed and submitted on the pleadings; reviewed by the court and a ruling is issued.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations

Email:      Dept.18@alameda.courts.ca.gov
Phone:      510-267-6934

For motion dates, contact the court by e-mail.

- Ex Parte Matters
  Email:      Dept.18@alameda.courts.ca.gov
  Phone:      510-267-6934

  See instructions above pertaining to exparte applications

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings
will become the Court's order unless contested in accordance with the Local Rules.
Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 18

- Phone:  1-866-223-2244

Dated:  04/08/2013

_____
Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and
not a party to this cause.  I served this Notice by placing copies in envelopes addressed as
shown on the attached Notice of Initial Case Management Conference and then by sealing
and placing them for collection, stamping or metering with prepaid postage, and mailing on
the date stated below, in the United States mail at Alameda County, California, following
standard court practices.

Executed on 04/09/2013

By

**Digital**

**Deputy Clerk**



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov Or visit the court's website at http://www.alameda.courts.ca.gov/courts/adr.shtml

---

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

   o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o   **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  o   **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  o   **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| | |
| TELEPHONE NO.: FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY | |
|---|---|
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME | |

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

   Date:             Time:             Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation      ☐ Judicial arbitration

   ☐ Private mediation     ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:
   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficent discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____     ▶ _____
    (TYPE OR PRINT NAME)                   (SIGNATURE OF PLAINTIFF)

Date:

_____     ▶ _____
    (TYPE OR PRINT NAME)             (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

| Form Provisionally Approved for Mandatory Use ALA ADR-001[New February, 2008] | STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | (Cal. Rules of Court, rule 3.221(a)(4).) |
|---|---|---|

**ATTACHMENT – 1**

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____         ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____         ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Provisionally Approved
for Mandatory Use
ALA ADR-001[New February, 2009]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

(Cal. Rules of Court,
rule 3.221(a)(4).)

Exhibit H

1  THEODORA R. LEE, Bar No. 129892
   KAI-CHING CHA, Bar No. 218738
2  LITTLER MENDELSON, P.C.
   650 California Street
3  20th Floor
   San Francisco, CA 94108.2693
4  Telephone:    415.433.1940
   Fax No.:      415.399.8490
5
   Attorneys for Defendants
6  SARA LEE CORPORATION, EARTHGRAINS
   BAKING COMPANIES, INC. AND BIMBO
7  BAKERIES USA, INC.

**ENDORSED
FILED
ALAMEDA COUNTY**

**MAY 2 3 2013**

CLERK OF THE SUPERIOR COURT
By . Esther Coleman
Deputy

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF ALAMEDA

10              UNLIMITED CIVIL JURISDICTION

11

12 | MOHAMED HUGAIS,

               Plaintiff,

13

         v.

14

15 | SARA LEE CORPORATION, a Maryland
     corporation doing business in California;
16 | EARTHGRAINS BAKING COMPANY,
     INC., a Delaware corporation doing
     business in California; BIMBO
17 | BAKERIES USA, INC., a Delaware
     corporation doing business in California;
18 | MARTY BAKER, an individual; RIC
     DIAZ, an individual, and DOES 1 through
19 | 50, inclusive,

20              Defendants.

Case No. RG 13674251

ASSIGNED FOR ALL PURPOSES TO JUDGE
MICHAEL BALLACHEY

**DEFENDANTS' GENERAL DENIAL AND
AFFIRMATIVE DEFENSES**

Trial Date: None Set
Complaint Filed: April 4, 2013

21

22         COME NOW Defendants SARA LEE CORPORATION, EARTHGRAINS BAKING

23  COMPANIES, INC. AND BIMBO BAKERIES USA, INC. ("Defendants"), and hereby answers

24  Plaintiff Mohamed Hugais' ("Hugais" or "Plaintiff") Unverified Complaint pursuant to section

25  431.30(b) of the California Code of Civil Procedure as follows:

26         Defendants deny generally each and every allegation contained in Plaintiff's

27  Unverified Complaint, conjunctively and disjunctively, and further denies that Plaintiff has sustained

28  any damages at all or that Plaintiff is entitled to any relief whatsoever.

ITLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1

**AFFIRMATIVE DEFENSES**

2   In further answer to the Complaint, and as separate and distinct affirmative and other

3 defenses, Defendants allege the following defenses. In asserting these defenses, Defendants do not

4 assume the burden of proof as to any matter that, as a matter of law, is Plaintiff's burden to prove.

5   1.  AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

6 allege that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action and fails

7 to set forth a claim upon which relief may be granted.

8   2.  AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

9 allege that the Court lacks jurisdiction over any claims of discrimination or denial of other rights that

10 are not like or reasonably related to the allegations in Plaintiff's complaint filed with the California

11 Department of Fair Employment and Housing or any other governmental agency.

12   3.  AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

13 allege that Plaintiff failed to properly exhaust his administrative remedies, and that such failure bars

14 this Complaint in whole or in part. Defendants allege that to the extent the claim is governed by the

15 California Department of Fair Employment and Housing as set out in California Government Code

16 section 12960, Plaintiff has failed to exhaust his administrative remedies with the California

17 Department of Fair Employment and Housing and such failure bars Plaintiff's Complaint with

18 regard to any claim or cause of action brought pursuant to the California Fair Employment and

19 Housing Act outside the scope of any complaint filed by Plaintiff with the California Department of

20 Fair Employment and Housing.

21   4.  AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

22 allege that insofar as Plaintiff seeks to recover under FEHA for alleged incidents prior to one year

23 before the filing of his administrative complaint, Plaintiff is not entitled to any relief for any such

24 incidents.

25   5.  AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

26 allege that Plaintiff failed to adequately exhaust all of the internal remedies available to him under

27 the applicable collective bargaining agreement or otherwise, and that such failure bars his Complaint

28 in whole or in part.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

2.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1    6.    AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants
2    allege that Plaintiff unreasonably failed to take advantage of any preventative or corrective
3    opportunities provided by Defendants or to otherwise avoid harm. Thus, Plaintiff's Complaint is
4    barred by the doctrine of avoidable consequences.

5    7.    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
6    Defendants allege that, all or portions of Plaintiff's claims are barred by the applicable statutes of
7    limitation, including, but not limited to, Government Code Sections 12960 and 12965(b) and the
8    two-year limitations period contained in California Code of Civil Procedure Section 335.1; the three-
9    year limitations period contained in California Code of Civil Procedure section 338(a); the one-year
10   limitations period governing recovery of statutory penalties contained in California Code of Civil
11   Procedure sections 340(a-b); and/or the six-month limitations period provided by the Labor-
12   Management Relations Act, 29 U.S.C. § 160(b).

13   8.    AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,
14   Defendants allege that, all or portions of Plaintiff's claims are barred by the doctrine of unjust
15   enrichment.

16   9.    AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants
17   allege that, at all times, all actions taken with regard to Plaintiff, if any actions were taken with
18   regard to Plaintiff, were just, fair, honest, in good faith, privileged, without discrimination or
19   retaliation, based upon legitimate business reasons and were based upon all relevant facts and
20   circumstances known by Defendants at the time of the actions.

21   10.    AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants
22   allege that all actions taken with respect to Plaintiff were taken, and would also have been taken, for
23   legitimate, good faith, non-discriminatory and non-retaliatory reasons, even if an unlawful
24   motivation may have existed, that unlawful motivation was not a determinative factor.

25   11.    AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
26   Defendants allege that, assuming *arguendo*, Plaintiff's race was a factor in Defendants' employment
27   decision, the same decision would have been made even if Plaintiff's race were not considered.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

3.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1    12.    AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

2    Defendants allege that all actions taken with respect to Plaintiff were reasonably necessary for the

3    normal operation of Defendants' business and were based on job-related factors that were consistent

4    with business necessity.

5    13.    AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

6    Defendants allege that, assuming *arguendo*, Plaintiff was treated differently from other employees,

7    such treatment was fully justified because of differences in individual duties, skill, effort,

8    responsibility, differences in working conditions and/or differences in other reasonable factors other

9    than his race.

10    14.    AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

11    Defendants allege that, it promulgated an anti-discrimination policy and complaint procedure which

12    was communicated to Plaintiff and all of Defendants' employees, and Defendants exercised

13    reasonable care to prevent and correct promptly any inappropriate conduct. Defendants conducted a

14    reasonable and good faith investigation of Plaintiff's alleged complaint of alleged offensive conduct,

15    if any, including any complaint of discriminatory or retaliatory or harassing behavior and took all

16    necessary and appropriate action in accordance with California Government Code § 12940 *et seq.*

17    and other statutory provisions and/or Plaintiff unreasonably failed to take advantage of the

18    established complaint procedures, failed to take advantage of other preventative or corrective

19    opportunities provided by Defendants, and otherwise failed to avoid harm thereby limiting any

20    damages to which Plaintiff otherwise might be entitled to recover.

21    15.    AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

22    Defendants allege that, assuming *arguendo*, the alleged discriminatory, harassing and/or unlawful

23    conduct occurred, Defendants took immediate and appropriate corrective action to stop the

24    discriminatory, harassing and/or unlawful conduct from occurring.

25    16.    AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

26    Defendants allege that it did not violate any statutory duties imposed upon it by California

27    Government Code section 12940, *et seq.*

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

4.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

17. AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that it has satisfied its obligations to ensure a workplace free of discrimination, harassment and retaliation.

18. AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's Complaint is preempted to the extent that he seeks a remedy for any alleged mental, emotional or physical injuries, illnesses or disabilities, as those claims are preempted by the exclusivity provisions of the California Workers' Compensation Act, California Labor Code § 3200 *et seq.* Any compensable injury to Plaintiff occurred at a time when Plaintiff and Defendants were subject to the provisions of the California Workers' Compensation Act.

19. AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff failed to perform his employment obligations in conformity with applicable custom and practices, directions, training policies, and statutory duties, including but not limited to those duties imposed pursuant to California Labor Code sections 2854, 2856, 2857, 2858 and 2859.

20. AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that to the extent it acquires evidence which, had it known about said evidence during Plaintiff's employment, would have resulted in the termination of his employment, Plaintiff is not entitled to any damages whatsoever or, at the very least, Plaintiff is not entitled to any damages subsequent to the time that Defendants acquired the evidence.

21. AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's Complaint is barred in whole or in part because Plaintiff was careless, negligent, and/or otherwise at fault in the matters alleged in the Complaint, and the resulting injuries sustained by Plaintiff, if any, were proximately caused and contributed to by Plaintiff.

22. AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that any harm or damage allegedly suffered by Plaintiff was caused by his own intentional and/or negligent actions and/or omissions.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108 2693
415 433.1940

5.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1    23.    AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

2    Defendants allege that Plaintiff's claims are barred due to the fact that Plaintiff participated in,

3    consented to and/or welcomed any alleged conduct complained of.

4    24.    AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5    Defendants allege that any recovery Plaintiff may be entitled to herein should be offset and/or

6    reduced by the proportionate amount of Plaintiff's negligence, fault, bad faith and breach of common

7    law duties.

8    25.    AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

9    Defendants allege that all or portions of Plaintiff's claims are barred by the equitable doctrines of

10   unclean hands, waiver, estoppel, and/or laches

11   26.    AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

12   Defendants allege that Plaintiff has failed to mitigate his damages.

13   27.    AS AN TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE

14   DEFENSE, Defendants allege that to the extent Plaintiff has made any claim for special damages,

15   Plaintiff has failed to state such claim with the requisite specificity.

16   28.    AS AN TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

17   Defendants allege that Plaintiff is precluded from recovering punitive damages from Defendants,

18   either in whole or in part, under the applicable provisions of California Civil Code section 3294, or

19   such other statutes that may be applicable.

20   29.    AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

21   Defendants allege that they did not act with malice, oppression or fraud nor did they engage in any

22   despicable acts that would warrant the imposition of punitive damages.  Thus, Plaintiff's Complaint

23   fails to state facts sufficient to support a claim for punitive damages.

24   30.    AS A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

25   Defendants allege that any requirement that permits imposition of punitive or exemplary damages

26   which are in effect criminal penalties, upon proof of a standard less than a standard "beyond a

27   reasonable doubt," or which denies to Defendants the right given to Defendants in criminal

28   proceedings, violates Defendants' rights under the First, Fifth, Sixth, Eighth and Fourteenth

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1    Amendments of the United States Constitution and under the Constitution of the State of California.

2        31.    AS A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

3    Defendants allege that Plaintiff is not entitled to recover from Defendants punitive or exemplary

4    damages herein for the alleged fraudulent, oppressive or malicious acts referred to in the Complaint

5    on the grounds that said acts, if any, were performed by an employee or employees of Defendants

6    and none of the Defendants' officers, directors or managing agents committed the alleged acts, nor

7    authorized them, nor ratified them, nor did Defendants or its officers, or managing agents have

8    advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed

9    said acts, nor did Defendants employ said employee or employees with a conscious disregard of the

10   rights or safety of others.

11       32.    AS A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

12   Defendants allege that the Complaint is uncertain.

13       33.    AS A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

14   Defendants allege that the Complaint fails to properly state a claim on which prejudgment interest

15   may be awarded because the amount of any damages is not reasonably certain.

16       34.    AS A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

17   Defendants allege that if Plaintiff suffered any emotional distress, his emotional distress was caused

18   by factors other than Plaintiff's employment, the actions of Defendants, or anyone acting on

19   Defendants' behalf.

20       35.    AS A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

21   Defendants allege that if Plaintiff suffered any emotional distress, Plaintiff contributed to his own

22   distress and, by reason of his contribution, any remedy to which he might otherwise be entitled must

23   be denied or reduced accordingly.

24       36.    AS A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

25   Defendants allege that any award to Plaintiff must be offset by all sums heretofore received by

26   Plaintiff from other sources, including but not limited to, unemployment insurance, private

27   insurance, state disability insurance, Social Security disability payments, workers' compensation

28   payments, and any sums earned by Plaintiff in other employment.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

7.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1    37.    AS A THIRTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

2  Defendants allege that the Complaint fails to properly state a claim for costs or attorneys' fees under

3  Government Code section 12965(b), Civil Code section 1021.5 or any other basis.

4    38.    AS A THIRTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5  Defendants allege that the Complaint fails to properly state a claim for recovery of compensatory or

6  general damages, or recovery of damages on any basis.

7    39.    AS A THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

8  Defendants allege that it is not vicariously liable for any act or omission of any other person, by way

9  of *respondeat superior*, agency or otherwise.

10    40.    AS A FORTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

11  Defendants allege that Plaintiff's Complaint is barred in whole or in part because Defendants'

12  conduct was privileged at all material times.

13    41.    AS A FORTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

14  Defendants allege that, assuming *arguendo*, any employee of Sara Lee Corporation, Earthgrains

15  Baking Companies, Inc. or Bimbo Bakeries USA, Inc. engaged in any unlawful conduct toward

16  Plaintiff (which Defendants deny), Defendants neither knew nor reasonably should have known of

17  said unlawful conduct.

18    42.    AS A FORTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

19  Defendants allege that, assuming *arguendo*, any employee or agent of Defendants engaged in any

20  unlawful conduct toward Plaintiff (which Defendants deny), such conduct was contrary to

21  Defendants' express policies and beyond the course and scope of that individual's employment or

22  agency relationship and cannot be attributed to Defendants, and Defendants cannot be held liable for

23  any such actions.

24    43.    AS A FORTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

25  Defendants allege that Plaintiff's claims are unreasonable and/or asserted against Defendants in bad

26  faith, and are frivolous, and for that reason justify an award of attorneys' fees and costs against

27  Plaintiff pursuant to the California Code of Civil Procedure section 128.7 and pursuant to the

28  California Rules of Court.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

8.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1      44.    AS A FORTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

2  Defendants allege that Plaintiff's claims are preempted by the National Labor Relations Act and/or

3  the Labor Management Relations Act.

4      45.    AS A FORTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5  Defendants Sara Lee Corporation and Bimbo Bakeries USA, Inc. allege that at no time did they

6  employ Plaintiff, and accordingly, they are not proper defendants in this action.

7      46.    AS A FORTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

8  Defendants reserve the right to amend its answer should it later discover facts demonstrating the

9  existence of new and/or additional affirmative defenses, and/or should a change in the law support

10  the inclusion of new and/or additional defenses.

11      47.    AS A FORTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

12  Defendants allege that any recovery on Plaintiff's Complaint, and each and every purported claim

13  alleged therein, is barred because Defendants' conduct was based on legitimate, non-discriminatory

14  and non-retaliatory business reasons and not based upon Plaintiff's alleged exercise of his rights

15  under the California Family Rights Act ("CFRA").

16      48.    AS A FORTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

17  Defendants allege that at all relevant times, they had a good faith reason, based on reasonable

18  grounds, for believing its actions did not violate or interfere with Plaintiff's rights under the

19  California Family Rights Act ("CFRA") [Cal. Gov't Code § 12945.1, et seq.].

20      49.    AS A FORTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

21  Defendants allege that any recovery on Plaintiff's Complaint, or any purported claim alleged therein,

22  is barred because Plaintiff was not discriminated or retaliated against and/or subjected to an adverse

23  employment action because of his alleged exercise of his rights under the CFRA.

24      50.    AS A FIFTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

25  allege that Plaintiff's California Labor Code section 6310 claim is barred to the extent that Plaintiff

26  failed to timely invoke and/or fully exhaust his administrative remedies, including but not limited to,

27  the filing of a complaint with the California Labor Commissioner pursuant to Labor Code section

28  98.7, as required by a litigant seeking damages pursuant to these provisions. *See Campbell v.*

9.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415 433 1940

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1  *Regents of the Univ. of Cal.*, 35 Cal.4th 311, 333-34 (2005).

2      51.     AS A FIFTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,
3  Defendants allege that the Complaint and each and every cause of action alleged therein is barred
4  because all actions taken by Defendants with respect to Plaintiff were, at all times relevant to this
5  action, taken in good faith without any intent to retaliate or discriminate against Plaintiff in any
6  manner prohibited by California Labor Code section 6310, or any other law or public policy.

7      52.     AS A FIFTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,
8  Defendants allege that any violation of the Labor Code or an order of the Industrial Welfare
9  Commission was an act or omission made in good faith and Defendant had reasonable grounds for
10  believing that the act or omission was not a violation of the Labor Code or any order of the Industrial
11  Welfare Commission and that, accordingly, it has not willfully or intentionally failed to pay
12  additional compensation to Plaintiff.

13      53.     AS A FIFTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,
14  Defendants allege that Plaintiff was properly compensated for all hours of work in accordance with
15  applicable law.

16      54.     AS A FIFTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,
17  Defendants are informed and believe that further investigation and discovery will reveal, and on that
18  basis allege, that any monies alleged to be owed to Plaintiff have been paid in full and any
19  obligations they may have owed to Plaintiff has been paid or otherwise satisfied in full in
20  compliance with the Labor Code.

21      55.     AS A FIFTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,
22  Defendants allege that they have complied with all applicable Industrial Welfare Commission Orders
23  regulating wages, hours and working conditions with respect to Plaintiff, barring Plaintiff from being
24  eligible for any relief pursuant to the Labor Code.

25      56.     AS A FIFTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,
26  Defendants allege that Plaintiff is not entitled to any penalty award under California Labor Code
27  section 1194 because Defendants did not willfully fail to comply with the compensation provisions
28  of the California Labor Code, or the applicable Wage Orders, but rather acted in good faith and had

10.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1  reasonable grounds for believing they did not violate them.

2      57.    AS A FIFTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

3  Defendants presently have insufficient knowledge or information upon which to forma belief as to

4  whether additional, as yet unstated, defenses may be warranted and reserve the right to assert

5  additional defenses or affirmative defenses in the event discovery and/or further investigation

6  indicates such defenses are appropriate.

7                          **PRAYER FOR RELIEF**

8      WHEREFORE, Defendants pray for judgment from the Court that:

9      1.    Plaintiff takes nothing by this action;

10     2.    The Complaint, and each purported cause of action alleged therein, be

11  dismissed in its entirety with prejudice;

12     3.    Defendants be awarded its costs of suit incurred herein;

13     4.    Defendants be awarded their attorneys' fees pursuant to law, including but not

14  limited to California Code of Civil Procedure section 1033.5(a)(10)(B); and

15     5.    Defendants be awarded such other and further relief as the Court deems just

16  and proper.

17  Dated: May 23, 2013

18

19

20                          THEODORA R. LEE
                            LITTLER MENDELSON, P.C.
21                          Attorneys for Defendants
                            SARA LEE CORPORATION,
22                          EARTHGRAINS BAKING COMPANIES,
                            INC. AND BIMBO BAKERIES USA, INC.

23  Firmwide:120473935.1 046057.1060

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

11.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1  **PROOF OF SERVICE BY MAIL**

2      I am employed in San Francisco County, California. I am over the age of eighteen

3  years and not a party to the within-entitled action. My business address is 650 California Street,

4  20th Floor, San Francisco, California 94108.2693. I am readily familiar with this firm's practice for

5  collection and processing of correspondence for mailing with the United States Postal Service. On

6  May 23, 2013, I placed with this firm at the above address for deposit with the United States Postal

7  Service a true and correct copy of the within document(s):

8          DEFENDANTS' GENERAL DENIAL AND AFFIRMATIVE
        DEFENSES

9          in a sealed envelope, postage fully paid, addressed as follows:

10

11  Christopher B. Dolan
    Michael DePaul

12  Ghazaleh Modarresi
    The Dolan Law Firm

13  The Dolan Building
    1438 Market Street

14  San Francisco, CA 94102

15      Following ordinary business practices, the envelope was sealed and placed for

16  collection and mailing on this date, and would, in the ordinary course of business, be deposited with

17  the United States Postal Service on this date.

18      I declare under penalty of perjury under the laws of the State of California that the

19  above is true and correct.

20      Executed on May 23, 2013, at San Francisco, California.

21

22

23                          Winnie Lee

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Firmwide:120324853.1 046057.1060

PROOF OF SERVICE (CASE NO. RG13674251)

Exhibit I

| | |
|---|---|
| 1 | THEODORA R. LEE, Bar No. 129892<br>KAI-CHING CHA, Bar No. 218738 |
| 2 | LITTLER MENDELSON, P.C.<br>650 California Street |
| 3 | 20th Floor<br>San Francisco, CA 94108.2693 |
| 4 | Telephone: 415.433.1940<br>Fax No.: 415.399.8490 |
| 5 | |
| 6 | Attorneys for Defendants<br>SARA LEE CORPORATION, EARTHGRAINS |
| 7 | BAKING COMPANIES, INC., BIMBO<br>BAKERIES USA, INC., MARTY BAKER and RIC |
| 8 | DIAZ |

**ENDORSED**
**FILED**
ALAMEDA COUNTY

MAY 2 3 2013

CLERK OF THE SUPERIOR COURT
By  Esther Coleman  Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

**UNLIMITED CIVIL JURISDICTION**

| | |
|---|---|
| MOHAMED HUGAIS,<br><br>Plaintiff,<br><br>v.<br><br>SARA LEE CORPORATION, a Maryland corporation doing business in California; EARTHGRAINS BAKING COMPANY, INC., a Delaware corporation doing business in California; BIMBO BAKERIES USA, INC., a Delaware corporation doing business in California; MARTY BAKER, an individual; RIC DIAZ, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. RG 13674251<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE MICHAEL BALLACHEY<br><br>**DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6; DECLARATION OF THEODORA R. LEE**<br><br>Trial Date: None Set<br>Complaint Filed: April 4, 2013 |

**TO THE HONORABLE JUDGE OF THE SUPERIOR COURT, AND TO PLAINTIFF AND**

**HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants SARA LEE CORPORATION,

EARTHGRAINS BAKING COMPANIES, INC. and BIMBO BAKERIES USA, INC. (collectively,

"Defendants") hereby move, pursuant to Code of Civil Procedure section 170.6(a)(2), that this case,

which involves contested issues of law and/or fact, and which has been assigned to the Honorable

Michael Ballachey for all purposes, be reassigned from the Honorable Michael Ballachey and that

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1  no matters hereinafter arising in this case be heard by or assigned to the Honorable Michael

2  Ballachey on the grounds that said judge is prejudiced against Defendants or the interests of

3  Defendants in this action, such that Defendants believe that they cannot have a fair and impartial

4  trial before said judge. *See* Declaration of Theodora R. Lee ("Lee Decl.") ¶ 4.

5      "If a peremptory challenge motion in proper form is timely filed under section 170.6, the

6  court must accept it without further inquiry." *Stephens v. Super. Ct.*, 96 Cal. App. 4th 54, 59 (2002);

7  *see also Davcon, Inc. v. Roberts & Morgan*, 110 Cal. App. 4th 1355, 1361-62 (2003) (peremptory

8  challenge is effective "without any further act or proof" when accepted by the judge).

9      This motion is timely, as it is made within fifteen (15) days after Defendants have first

10 appeared in this case; their first appearance was made when they filed their respective Answers on

11 May 23, 2013. *See* supporting Declaration of Theodora R. Lee, ¶ 2 and Exh. A thereto. See also

12 Cal. Civ. Proc. Code § 170.6; Cal. Gov't Code § 68616; *Motion Picture and Television Fund Hosp.*

13 *v. Superior Ct. of Los Angeles County*, 88 Cal. App. 4th 488 (2001); *Cybermedia, Inc. v. Superior*

14 *Ct. of Los Angeles County*, 72 Cal. App. 4th 910 (1999. Defendants have not previously made a

15 peremptory challenge to a judge in this action, and thus this request shall be properly granted. *Id.* ¶

16 3.

17      This motion is based upon the matters contained herein, Section 170.6 of the California Code

18 of Civil Procedure, and the supporting Declaration of Theodora R. Lee, filed and served

19 concurrently herewith.

20      WHEREFORE, the Court is respectfully requested to grant the relief requested by

21 this motion.

22 Dated: May 23, 2013

23

24                                    THEODORA R. LEE

25                                    LITTLER MENDELSON, P.C.
                                      Attorneys for Defendants
26                                    SARA LEE CORPORATION,
                                      EARTHGRAINS BAKING COMPANIES,
27                                    INC., BIMBO BAKERIES USA, INC.,
                                      MARTY BAKER and RIC DIAZ
28

TTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

2.

DEFS' MOTION FOR PEREMPTORY DISQUALIFICATION (CASE NO. RG 13674251)

1

## DECLARATION OF THEODORA R. LEE

2        I, Theodora R. Lee, declare as follows:

3              1.      I am a member of the State Bar of California and am admitted to practice

4    before this Court.  I am a shareholder with the law firm of Littler Mendelson, P.C., counsel of record

5    for Defendants SARA LEE CORPORATION, EARTHGRAINS BAKING COMPANIES, INC. and

6    BIMBO BAKERIES USA, INC. (collectively, "Defendants").  I have personal knowledge of the

7    facts set forth in this declaration and, if called as a witness, I could and would testify competently to

8    each such fact.

9              2.      On May 23, 2013, Defendants first appeared in this action; at that time, they

10   filed their respective Answers to the Complaint in this case.  Attached hereto as Exhibit A is a copy

11   of the Answer reflecting the date in which it was filed with the Court.

12             3.      Defendants have not previously made a peremptory challenge to a judge in

13   this action.

14             4.      I am informed and believe that the Honorable Michael Ballachey, the judge to

15   whom this matter has been assigned for all purposes, is prejudiced against Defendants such that

16   Defendants cannot, or believe that they cannot, have a fair and impartial trial before said Judge.

17             I declare under the penalty of perjury under the laws of the State of California that the

18   foregoing is true and correct.

19             Executed this 23rd day of May 2013, at San Francisco, California.

20

21

22                                                  THEODORA R. LEE

23
     Firmwide:120099583.2 046057.1060
24

25

26

27

28

TTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

3.

DEFS' MOTION FOR PEREMPTORY DISQUALIFICATION (CASE NO. RG 13674251)

# EXHIBIT A

1    THEODORA R. LEE, Bar No. 129892
     KAI-CHING CHA, Bar No. 218738
2    LITTLER MENDELSON, P.C.
     650 California Street
3    20th Floor
     San Francisco, CA 94108.2693
4    Telephone:   415.433.1940
     Fax No.:     415.399.8490
5
     Attorneys for Defendants
6    SARA LEE CORPORATION, EARTHGRAINS
     BAKING COMPANIES, INC. AND BIMBO
7    BAKERIES USA, INC.

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

**MAY 23 2013**

CLERK OF THE SUPERIOR COURT
By - *Esther Coleman*
                Deputy

8

9               SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF ALAMEDA

                UNLIMITED CIVIL JURISDICTION

11

12    MOHAMED HUGAIS,

13            Plaintiff,

14        v.

15    SARA LEE CORPORATION, a Maryland
     corporation doing business in California;
16    EARTHGRAINS BAKING COMPANY,
     INC., a Delaware corporation doing
17    business in California; BIMBO
     BAKERIES USA, INC., a Delaware
18    corporation doing business in California;
     MARTY BAKER, an individual; RIC
19    DIAZ, an individual, and DOES 1 through
     50, inclusive,
20
           Defendants.

Case No. RG 13674251

ASSIGNED FOR ALL PURPOSES TO JUDGE
MICHAEL BALLACHEY

**DEFENDANTS' GENERAL DENIAL AND**
**AFFIRMATIVE DEFENSES**

Trial Date: None Set
Complaint Filed: April 4, 2013

21

22         COME NOW Defendants SARA LEE CORPORATION, EARTHGRAINS BAKING

23    COMPANIES, INC. AND BIMBO BAKERIES USA, INC. ("Defendants"), and hereby answers

24    Plaintiff Mohamed Hugais' ("Hugais" or "Plaintiff") Unverified Complaint pursuant to section

25    431.30(b) of the California Code of Civil Procedure as follows:

26         Defendants deny generally each and every allegation contained in Plaintiff's

27    Unverified Complaint, conjunctively and disjunctively, and further denies that Plaintiff has sustained

28    any damages at all or that Plaintiff is entitled to any relief whatsoever.

ITLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1

## AFFIRMATIVE DEFENSES

2      In further answer to the Complaint, and as separate and distinct affirmative and other

3 defenses, Defendants allege the following defenses. In asserting these defenses, Defendants do not

4 assume the burden of proof as to any matter that, as a matter of law, is Plaintiff's burden to prove.

5      1.      AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

6 allege that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action and fails

7 to set forth a claim upon which relief may be granted.

8      2.      AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

9 allege that the Court lacks jurisdiction over any claims of discrimination or denial of other rights that

10 are not like or reasonably related to the allegations in Plaintiff's complaint filed with the California

11 Department of Fair Employment and Housing or any other governmental agency.

12      3.      AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

13 allege that Plaintiff failed to properly exhaust his administrative remedies, and that such failure bars

14 this Complaint in whole or in part. Defendants allege that to the extent the claim is governed by the

15 California Department of Fair Employment and Housing as set out in California Government Code

16 section 12960, Plaintiff has failed to exhaust his administrative remedies with the California

17 Department of Fair Employment and Housing and such failure bars Plaintiff's Complaint with

18 regard to any claim or cause of action brought pursuant to the California Fair Employment and

19 Housing Act outside the scope of any complaint filed by Plaintiff with the California Department of

20 Fair Employment and Housing.

21      4.      AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

22 allege that insofar as Plaintiff seeks to recover under FEHA for alleged incidents prior to one year

23 before the filing of his administrative complaint, Plaintiff is not entitled to any relief for any such

24 incidents.

25      5.      AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

26 allege that Plaintiff failed to adequately exhaust all of the internal remedies available to him under

27 the applicable collective bargaining agreement or otherwise, and that such failure bars his Complaint

28 in whole or in part.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

2.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1        6.     AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

2 allege that Plaintiff unreasonably failed to take advantage of any preventative or corrective

3 opportunities provided by Defendants or to otherwise avoid harm. Thus, Plaintiff's Complaint is

4 barred by the doctrine of avoidable consequences.

5        7.     AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

6 Defendants allege that, all or portions of Plaintiff's claims are barred by the applicable statutes of

7 limitation, including, but not limited to, Government Code Sections 12960 and 12965(b) and the

8 two-year limitations period contained in California Code of Civil Procedure Section 335.1; the three-

9 year limitations period contained in California Code of Civil Procedure section 338(a); the one-year

10 limitations period governing recovery of statutory penalties contained in California Code of Civil

11 Procedure sections 340(a-b); and/or the six-month limitations period provided by the Labor-

12 Management Relations Act, 29 U.S.C. § 160(b).

13        8.     AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

14 Defendants allege that, all or portions of Plaintiff's claims are barred by the doctrine of unjust

15 enrichment.

16        9.     AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

17 allege that, at all times, all actions taken with regard to Plaintiff, if any actions were taken with

18 regard to Plaintiff, were just, fair, honest, in good faith, privileged, without discrimination or

19 retaliation, based upon legitimate business reasons and were based upon all relevant facts and

20 circumstances known by Defendants at the time of the actions.

21        10.    AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

22 allege that all actions taken with respect to Plaintiff were taken, and would also have been taken, for

23 legitimate, good faith, non-discriminatory and non-retaliatory reasons, even if an unlawful

24 motivation may have existed, that unlawful motivation was not a determinative factor.

25        11.    AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

26 Defendants allege that, assuming *arguendo*, Plaintiff's race was a factor in Defendants' employment

27 decision, the same decision would have been made even if Plaintiff's race were not considered.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

3.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1            12.    AS  A  TWELFTH,  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

2    Defendants allege that all actions taken with respect to Plaintiff were reasonably necessary for the

3    normal operation of Defendants' business and were based on job-related factors that were consistent

4    with business necessity.

5            13.    AS  A  THIRTEENTH,  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

6    Defendants allege that, assuming *arguendo*, Plaintiff was treated differently from other employees,

7    such treatment was fully justified because of differences in individual duties, skill, effort,

8    responsibility, differences in working conditions and/or differences in other reasonable factors other

9    than his race.

10           14.    AS  A  FOURTEENTH,  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

11   Defendants allege that, it promulgated an anti-discrimination policy and complaint procedure which

12   was communicated to Plaintiff and all of Defendants' employees, and Defendants exercised

13   reasonable care to prevent and correct promptly any inappropriate conduct. Defendants conducted a

14   reasonable and good faith investigation of Plaintiff's alleged complaint of alleged offensive conduct,

15   if any, including any complaint of discriminatory or retaliatory or harassing behavior and took all

16   necessary and appropriate action in accordance with California Government Code § 12940 *et seq.*

17   and other statutory provisions and/or Plaintiff unreasonably failed to take advantage of the

18   established complaint procedures, failed to take advantage of other preventative or corrective

19   opportunities provided by Defendants, and otherwise failed to avoid harm thereby limiting any

20   damages to which Plaintiff otherwise might be entitled to recover.

21           15.    AS  A  FIFTEENTH,  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

22   Defendants allege that, assuming *arguendo*, the alleged discriminatory, harassing and/or unlawful

23   conduct occurred, Defendants took immediate and appropriate corrective action to stop the

24   discriminatory, harassing and/or unlawful conduct from occurring.

25           16.    AS  A  SIXTEENTH,  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

26   Defendants allege that it did not violate any statutory duties imposed upon it by California

27   Government Code section 12940, *et seq*.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

4.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1       17.    AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

2  Defendants allege that it has satisfied its obligations to ensure a workplace free of discrimination,

3  harassment and retaliation.

4       18.    AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5  Defendants allege that Plaintiff's Complaint is preempted to the extent that he seeks a remedy for

6  any alleged mental, emotional or physical injuries, illnesses or disabilities, as those claims are

7  preempted by the exclusivity provisions of the California Workers' Compensation Act, California

8  Labor Code § 3200 *et seq.* Any compensable injury to Plaintiff occurred at a time when Plaintiff

9  and Defendants were subject to the provisions of the California Workers' Compensation Act.

10       19.    AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

11  Defendants allege that Plaintiff failed to perform his employment obligations in conformity with

12  applicable custom and practices, directions, training policies, and statutory duties, including but not

13  limited to those duties imposed pursuant to California Labor Code sections 2854, 2856, 2857, 2858

14  and 2859.

15       20.    AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

16  Defendants allege that to the extent it acquires evidence which, had it known about said evidence

17  during Plaintiff's employment, would have resulted in the termination of his employment, Plaintiff is

18  not entitled to any damages whatsoever or, at the very least, Plaintiff is not entitled to any damages

19  subsequent to the time that Defendants acquired the evidence.

20       21.    AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

21  Defendants allege that Plaintiff's Complaint is barred in whole or in part because Plaintiff was

22  careless, negligent, and/or otherwise at fault in the matters alleged in the Complaint, and the

23  resulting injuries sustained by Plaintiff, if any, were proximately caused and contributed to by

24  Plaintiff.

25       22.    AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

26  Defendants allege that any harm or damage allegedly suffered by Plaintiff was caused by his own

27  intentional and/or negligent actions and/or omissions.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108-2693
415.433.1940

5.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1    23. AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

2 Defendants allege that Plaintiff's claims are barred due to the fact that Plaintiff participated in,

3 consented to and/or welcomed any alleged conduct complained of.

4    24. AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5 Defendants allege that any recovery Plaintiff may be entitled to herein should be offset and/or

6 reduced by the proportionate amount of Plaintiff's negligence, fault, bad faith and breach of common

7 law duties.

8    25. AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

9 Defendants allege that all or portions of Plaintiff's claims are barred by the equitable doctrines of

10 unclean hands, waiver, estoppel, and/or laches

11    26. AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

12 Defendants allege that Plaintiff has failed to mitigate his damages.

13    27. AS AN TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE

14 DEFENSE, Defendants allege that to the extent Plaintiff has made any claim for special damages,

15 Plaintiff has failed to state such claim with the requisite specificity.

16    28. AS AN TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

17 Defendants allege that Plaintiff is precluded from recovering punitive damages from Defendants,

18 either in whole or in part, under the applicable provisions of California Civil Code section 3294, or

19 such other statutes that may be applicable.

20    29. AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

21 Defendants allege that they did not act with malice, oppression or fraud nor did they engage in any

22 despicable acts that would warrant the imposition of punitive damages. Thus, Plaintiff's Complaint

23 fails to state facts sufficient to support a claim for punitive damages.

24    30. AS A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

25 Defendants allege that any requirement that permits imposition of punitive or exemplary damages

26 which are in effect criminal penalties, upon proof of a standard less than a standard "beyond a

27 reasonable doubt," or which denies to Defendants the right given to Defendants in criminal

28 proceedings, violates Defendants' rights under the First, Fifth, Sixth, Eighth and Fourteenth

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

6.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1    Amendments of the United States Constitution and under the Constitution of the State of California.

2        31.    AS A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,
3    Defendants allege that Plaintiff is not entitled to recover from Defendants punitive or exemplary
4    damages herein for the alleged fraudulent, oppressive or malicious acts referred to in the Complaint
5    on the grounds that said acts, if any, were performed by an employee or employees of Defendants
6    and none of the Defendants' officers, directors or managing agents committed the alleged acts, nor
7    authorized them, nor ratified them, nor did Defendants or its officers, or managing agents have
8    advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed
9    said acts, nor did Defendants employ said employee or employees with a conscious disregard of the
10   rights or safety of others.

11       32.    AS A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,
12   Defendants allege that the Complaint is uncertain.

13       33.    AS A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,
14   Defendants allege that the Complaint fails to properly state a claim on which prejudgment interest
15   may be awarded because the amount of any damages is not reasonably certain.

16       34.    AS A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,
17   Defendants allege that if Plaintiff suffered any emotional distress, his emotional distress was caused
18   by factors other than Plaintiff's employment, the actions of Defendants, or anyone acting on
19   Defendants' behalf.

20       35.    AS A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,
21   Defendants allege that if Plaintiff suffered any emotional distress, Plaintiff contributed to his own
22   distress and, by reason of his contribution, any remedy to which he might otherwise be entitled must
23   be denied or reduced accordingly.

24       36.    AS A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,
25   Defendants allege that any award to Plaintiff must be offset by all sums heretofore received by
26   Plaintiff from other sources, including but not limited to, unemployment insurance, private
27   insurance, state disability insurance, Social Security disability payments, workers' compensation
28   payments, and any sums earned by Plaintiff in other employment.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

7.

1          37.     AS A THIRTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

2    Defendants allege that the Complaint fails to properly state a claim for costs or attorneys' fees under

3    Government Code section 12965(b), Civil Code section 1021.5 or any other basis.

4          38.     AS A THIRTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5    Defendants allege that the Complaint fails to properly state a claim for recovery of compensatory or

6    general damages, or recovery of damages on any basis.

7          39.     AS A THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

8    Defendants allege that it is not vicariously liable for any act or omission of any other person, by way

9    of *respondeat superior*, agency or otherwise.

10         40.     AS A FORTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

11   Defendants allege that Plaintiff's Complaint is barred in whole or in part because Defendants'

12   conduct was privileged at all material times.

13         41.     AS A FORTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

14   Defendants allege that, assuming *arguendo*, any employee of Sara Lee Corporation, Earthgrains

15   Baking Companies, Inc. or Bimbo Bakeries USA, Inc. engaged in any unlawful conduct toward

16   Plaintiff (which Defendants deny), Defendants neither knew nor reasonably should have known of

17   said unlawful conduct.

18         42.     AS A FORTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

19   Defendants allege that, assuming *arguendo*, any employee or agent of Defendants engaged in any

20   unlawful conduct toward Plaintiff (which Defendants deny), such conduct was contrary to

21   Defendants' express policies and beyond the course and scope of that individual's employment or

22   agency relationship and cannot be attributed to Defendants, and Defendants cannot be held liable for

23   any such actions.

24         43.     AS A FORTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

25   Defendants allege that Plaintiff's claims are unreasonable and/or asserted against Defendants in bad

26   faith, and are frivolous, and for that reason justify an award of attorneys' fees and costs against

27   Plaintiff pursuant to the California Code of Civil Procedure section 128.7 and pursuant to the

28   California Rules of Court.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

8.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1    44.    AS A FORTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

2 Defendants allege that Plaintiff's claims are preempted by the National Labor Relations Act and/or

3 the Labor Management Relations Act.

4    45.    AS A FORTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5 Defendants Sara Lee Corporation and Bimbo Bakeries USA, Inc. allege that at no time did they

6 employ Plaintiff, and accordingly, they are not proper defendants in this action.

7    46.    AS A FORTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

8 Defendants reserve the right to amend its answer should it later discover facts demonstrating the

9 existence of new and/or additional affirmative defenses, and/or should a change in the law support

10 the inclusion of new and/or additional defenses.

11    47.    AS A FORTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

12 Defendants allege that any recovery on Plaintiff's Complaint, and each and every purported claim

13 alleged therein, is barred because Defendants' conduct was based on legitimate, non-discriminatory

14 and non-retaliatory business reasons and not based upon Plaintiff's alleged exercise of his rights

15 under the California Family Rights Act ("CFRA").

16    48.    AS A FORTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

17 Defendants allege that at all relevant times, they had a good faith reason, based on reasonable

18 grounds, for believing its actions did not violate or interfere with Plaintiff's rights under the

19 California Family Rights Act ("CFRA") [Cal. Gov't Code § 12945.1, et seq.].

20    49.    AS A FORTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

21 Defendants allege that any recovery on Plaintiff's Complaint, or any purported claim alleged therein,

22 is barred because Plaintiff was not discriminated or retaliated against and/or subjected to an adverse

23 employment action because of his alleged exercise of his rights under the CFRA.

24    50.    AS A FIFTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

25 allege that Plaintiff's California Labor Code section 6310 claim is barred to the extent that Plaintiff

26 failed to timely invoke and/or fully exhaust his administrative remedies, including but not limited to,

27 the filing of a complaint with the California Labor Commissioner pursuant to Labor Code section

28 98.7, as required by a litigant seeking damages pursuant to these provisions. *See Campbell v.*

9.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1     *Regents of the Univ. of Cal.*, 35 Cal.4th 311, 333-34 (2005).

2                51.    AS A FIFTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

3 Defendants allege that the Complaint and each and every cause of action alleged therein is barred

4 because all actions taken by Defendants with respect to Plaintiff were, at all times relevant to this

5 action, taken in good faith without any intent to retaliate or discriminate against Plaintiff in any

6 manner prohibited by California Labor Code section 6310, or any other law or public policy.

7                52.    AS A FIFTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

8 Defendants allege that any violation of the Labor Code or an order of the Industrial Welfare

9 Commission was an act or omission made in good faith and Defendant had reasonable grounds for

10 believing that the act or omission was not a violation of the Labor Code or any order of the Industrial

11 Welfare Commission and that, accordingly, it has not willfully or intentionally failed to pay

12 additional compensation to Plaintiff.

13                53.    AS A FIFTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

14 Defendants allege that Plaintiff was properly compensated for all hours of work in accordance with

15 applicable law.

16                54.    AS A FIFTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

17 Defendants are informed and believe that further investigation and discovery will reveal, and on that

18 basis allege, that any monies alleged to be owed to Plaintiff have been paid in full and any

19 obligations they may have owed to Plaintiff has been paid or otherwise satisfied in full in

20 compliance with the Labor Code.

21                55.    AS A FIFTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

22 Defendants allege that they have complied with all applicable Industrial Welfare Commission Orders

23 regulating wages, hours and working conditions with respect to Plaintiff, barring Plaintiff from being

24 eligible for any relief pursuant to the Labor Code.

25                56.    AS A FIFTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

26 Defendants allege that Plaintiff is not entitled to any penalty award under California Labor Code

27 section 1194 because Defendants did not willfully fail to comply with the compensation provisions

28 of the California Labor Code, or the applicable Wage Orders, but rather acted in good faith and had

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1  reasonable grounds for believing they did not violate them.

2       57.    AS A FIFTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

3  Defendants presently have insufficient knowledge or information upon which to forma belief as to

4  whether additional, as yet unstated, defenses may be warranted and reserve the right to assert

5  additional defenses or affirmative defenses in the event discovery and/or further investigation

6  indicates such defenses are appropriate.

7  <div align="center">**PRAYER FOR RELIEF**</div>

8      WHEREFORE, Defendants pray for judgment from the Court that:

9      1.    Plaintiff takes nothing by this action;

10      2.    The Complaint, and each purported cause of action alleged therein, be

11  dismissed in its entirety with prejudice;

12      3.    Defendants be awarded its costs of suit incurred herein;

13      4.    Defendants be awarded their attorneys' fees pursuant to law, including but not

14  limited to California Code of Civil Procedure section 1033.5(a)(10)(B); and

15      5.    Defendants be awarded such other and further relief as the Court deems just

16  and proper.

17  Dated: May 23, 2013

18

19

20                  THEODORA R. LEE
                LITTLER MENDELSON, P.C.

21                  Attorneys for Defendants
                SARA LEE CORPORATION,

22                  EARTHGRAINS BAKING COMPANIES,
                INC. AND BIMBO BAKERIES USA, INC.

23  Firmwide:120473935.1 046057.1060

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

11.

DEFS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES (CASE NO. RG 13674251)

1
## PROOF OF SERVICE BY MAIL

2       I am employed in San Francisco County, California.  I am over the age of eighteen

3  years and not a party to the within-entitled action.  My business address is 650 California Street,

4  20th Floor, San Francisco, California 94108.2693. I am readily familiar with this firm's practice for

5  collection and processing of correspondence for mailing with the United States Postal Service.  On

6  May 23, 2013, I placed with this firm at the above address for deposit with the United States Postal

7  Service a true and correct copy of the within document(s):

8              DEFENDANTS' GENERAL DENIAL AND AFFIRMATIVE
               DEFENSES
9
               in a sealed envelope, postage fully paid, addressed as follows:
10
11       Christopher B. Dolan
         Michael DePaul
12       Ghazaleh Modarresi
         The Dolan Law Firm
13       The Dolan Building
         1438 Market Street
14       San Francisco, CA 94102

15       Following ordinary business practices, the envelope was sealed and placed for

16  collection and mailing on this date, and would, in the ordinary course of business, be deposited with

17  the United States Postal Service on this date.

18       I declare under penalty of perjury under the laws of the State of California that the

19  above is true and correct.

20       Executed on May 23, 2013, at San Francisco, California.

21

22  

23                              Winnie Lee

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Firmwide:120324853.1 046057.1060