IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOHAMED HUGAIS,

    Plaintiff,

v.

SARA LEE CORPORATION, et al.,

    Defendants.

NO. C13-2368 TEH

ORDER GRANTING MOTION TO REMAND

This case is before the Court on Plaintiff's motion to remand to state court, following Defendants' removal of the case based on fraudulent joinder. Having carefully considered the parties' written arguments, the Court finds that oral argument is unnecessary and VACATES the hearing scheduled for July 22, 2013. Finding that Defendants fail to show there is no possibility Plaintiff could state a claim against the non-diverse Defendants under settled state law, the Court now GRANTS the motion and remands this action to the Alameda County Superior Court.

**BACKGROUND**[1]

Plaintiff Mohamed Hugais was employed by Defendants Earthgrains, Bimbo and Sara Lee as a salesperson for approximately four years. Complaint ("Compl.") (Ex. A to Dkt. No. 1) ¶ 32. Plaintiff is a Muslim of Arab descent and alleges a pattern of rampant discrimination and harassment because of his race, religion, and national origin. *Id.* ¶¶ 19 & 22; *see generally id.* ¶¶ 23-48. The non-diverse Defendants, whose actions are the subject of this

---

[1] The Court includes only those facts necessary to resolve the issues before it.

motion, are a direct supervisor of Plaintiff's (Defendant Baker) and a human resources manager (Defendant Diaz). *Id.* ¶ 22.

Plaintiff alleges that he was subjected to a pattern of harassment during his employment with Defendants, including the following:

- His co-workers repeatedly called him "Ali Baba" and "Momo the Gaddafi," Compl. ¶ 42;
- A coworker showed him "pictures of Osama Bin Laden's body spattered with bullet holes while the coworker laughed and showed other coworkers the picture," *id.* ¶ 43;
- A supervisor told Plaintiff that he should "order a new drink at the bar called an Osama Bin Laden," made of a "few shots and some water sprinkles," i*d.* ¶ 26;
- Coworkers made disparaging remarks about other Arabs and Muslims, *id.* ¶¶ 27-28;
- After he had been employed by Defendants for four years, Defendant Baker "harassed Plaintiff regarding his employment status by asking him for his driver's license and green card," *id.* ¶ 33;
- Defendant Baker "pressured Plaintiff to give up his approved holiday vacation . . . . and told Plaintiff to take September 11th as his holiday, referring to the terrorist attacks at the World Trade Center," *id.* ¶ 24;
- A coworker told Plaintiff, in front of other coworkers and supervisors, that "All fucking Arabs do nothing but ride fucking camels," i*d.* ¶ 23; and
- After Plaintiff complained in writing about the harassment, Defendant Diaz convened a meeting during which he "focused his presentation of the role of depositions in employment lawsuits" and "advised the group that they would not want to be deposed, stating that 'depositions are not fun[,]'" are "stressful," and that "attorneys can explore the details of a person's private life." *Id.* ¶ 45.

Plaintiff brings various causes of action for discrimination, harassment, and retaliation under California law. Because this motion tests only the viability of the causes of action against Defendants Diaz and Baker, the Court discusses only the retaliation claim against them and provides no further factual background.

2

**LEGAL STANDARD**

28 U.S.C. sections 1332(a) and 1441(b) provide for federal court jurisdiction based on complete diversity of citizenship. One exception to the rule of complete diversity is "where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). The joinder of a resident, non-diverse defendant is considered fraudulent "if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state." *Morris,* 236 F.3d at 1067 (internal quotation marks, brackets, and citation omitted). In such cases, the court ignores the presence of the non-diverse defendant for purposes of determining diversity. *Id.*

"[T]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Hunter*, 582 F.3d at 1044 (internal quotation marks and citations omitted). This "strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity in favor of remand to state court." *Id.* at 1042 (internal quotation marks and citation omitted); *see also Wason v. Am. Int'l Group, Inc.*, 09CV2752-LAB CAB, 2010 WL 1881067, at *1 (S.D. Cal. May 6, 2010). "[I]if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007), *quoted in Hunter*, 582 F.3d at 1044.

**DISCUSSION**

In order to defeat complete diversity, Plaintiff need only demonstrate one viable claim against one resident Defendant. Finding that Plaintiff states a harassment claim against the resident Defendants, the Court proceeds no further.

The California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(j)(1), makes it unlawful "[f]or an employer . . . or any other person, because of race,

3

religious creed, color, [or] national origin, . . . to harass an employee . . . ."[2] To establish a claim of harassment, a plaintiff must show that he is a member of a protected group, was subjected to harassment because he belonged to this group, and that the alleged harassment was so severe it created a hostile work environment. *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999); *Huck v. Kone Inc.*, No. C 10–01845 RS, 2011 WL 6294466, at *11 (N.D. Cal. Dec. 15, 2011); *Gardner v. City of Berkeley*, 838 F. Supp. 2d 910, 926 (N.D. Cal. 2012). A supervisor may be held personally liable for workplace harassment under the FEHA if the supervisor: "personally engages in . . . harassing conduct" or "substantially assists or encourages continued harassment, . . . as an aider and abettor of the harasser." *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1327 (1996); Cal. Gov't Code § 12940(i). Harassment includes "epithets, derogatory comments or slurs." Cal. Code Regs. § 7287.6(b)(1)(A).

Harassment and discrimination are distinct causes of action under the FEHA. "[D]iscrimination refers to bias in the exercise of official actions on behalf of the employer, and harassment refers to bias that is expressed or communicated through interpersonal relations in the workplace." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009). In other words,

> [H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives . . . . [C]ommonly necessary personnel management actions . . . do not come within the meaning of harassment . . . . These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment.

*Reno v. Baird*, 18 Cal. 4th 640, 645-47 (1998), *quoted in Roby*, 47 Cal. 4th at 707.

The separate spheres of harassment and discrimination notwithstanding, the *evidence* used to prove the respective wrongs may overlap. *Roby*, 47 Cal. 4th at 709. Thus, evidence of official decisions can be used to prove harassment, because the official actions "can also

---

[2] Section 12940(j)(3) makes "[a]n employee of an entity subject to this subdivision [] personally liable for any harassment prohibited by this section that is perpetrated by the employee."

4

have a secondary effect of communicating a hostile message[,] . . . . when the actions establish a widespread pattern of bias." *Roby*, 47 Cal. 4th at 709 (citation omitted).[3]

Here, Defendants argue that Defendants Diaz and Baker acted within the scope of their employment at all times and that Plaintiff therefore cannot state a claim against them for harassment. Defendants are wrong. Plaintiff alleges the following direct acts of harassment by the resident-Defendants:

- When Plaintiff requested vacation time, Defendant Baker told him to "take September 11th as his holiday, referring to the terrorist attacks at the World Trade Center," Compl. ¶ 24;
- After four years of employment with Defendants, Defendant Baker "harassed Plaintiff regarding his employment status by asking him for his driver's license and green card," Compl. ¶¶ 33 & 20 (employment began in November, 2007);
- After Plaintiff complained in writing to the human resources department about the harassment, *id.* ¶ 43, Defendant Diaz convened a meeting during which he "focused his presentation of the role of depositions in employment lawsuits" and "advised the group that they would not want to be deposed, stating that 'depositions are not fun[,]'" are "stressful," and that "attorneys can explore the details of a person's private life." *Id.* ¶ 45.

These actions are not personnel management actions of the type identified in the discrimination cases. "[C]ommonly necessary personnel management actions" are those "necessary to carry out the duties of business," such as "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory

---

[3] In *Roby*, for instance, the supervisor's actions, though "best characterized as official employment actions rather than hostile social interactions in the workplace, . . . may have contributed to the hostile message that [the supervisor] was expressing to Roby in other, more explicit ways." 47 Cal. 4th at 709.

5

1 functions, deciding who will and who will not attend meetings, deciding who will be laid off,
2 and the like . . . ." *Reno*, 18 Cal. 4th at 646-47. There is nothing "necessary" or intrinsic to
3 "management" about making derogatory comments and insinuations. *Accord Roby*, 47 Cal.
4 4th at 709 ("demeaning comments" could not "fairly be characterized as [] official
5 employment action"). This conforms squarely with the California Supreme Court's parsing
6 of the separate provinces of harassment and discrimination: "harassment is generally
7 concerned with the *message* conveyed to an employee, and therefore with the social
8 environment of the workplace, whereas discrimination is concerned with explicit changes in
9 the terms or conditions of employment." *Id.* at 708 (emphasis in original). Equally here,
10 Plaintiff alleges actions which conveyed a social message, rather than actions changing the
11 explicit conditions of his employment.
12 And even if these actions were considered personnel management decisions, Plaintiff
13 could still use the allegations as evidence of harassment, *see id.* at 708-09, and could still
14 state a claim against Baker and Diaz. Plaintiff alleges a pervasive pattern of hostility: he
15 alleges that co-workers called him "Ali Baba" and "Momo the Gaddafi," Compl. ¶ 42; that a
16 coworker showed him "pictures of Osama Bin Laden's body spattered with bullet holes
17 while the coworker laughed and showed other coworkers the picture," *id.* ¶ 43; that a
18 supervisor told Plaintiff that he should "order a new drink at the bar called an Osama Bin
19 Laden," made of a "few shots and some water sprinkles," *id.* ¶ 26; that coworkers made
20 disparaging remarks about other Arabs and Muslims, *id.* ¶¶ 27-28; and that another coworker
21 told him, in front of coworkers and supervisors, that "All fucking Arabs do nothing but ride
22 fucking camels." *Id.* ¶ 23. Plaintiff alleges that Defendants Baker and Diaz actively
23 participated in and encouraged this conduct: Defendant Baker "harassed Plaintiff regarding
24 his employment status by asking him for his driver's license and green card," *id.* ¶ 33; told
25 him to "take September 11th as his holiday," *id.* ¶ 24; and Defendant Diaz publicly warned
26 Plaintiff that he would suffer if he pursued any further action against Defendants. *Id.* ¶ 45.
27 In short, Plaintiff's allegations are sufficient to support a claim against Defendants Baker
28

6

and Diaz based on their contributions to a widespread pattern of hostility. *See Fiol*, 50 Cal. App. 4th at 1327.

**CONCLUSION**

Defendants fail to show that there is no possibility that state law would impose liability on the non-diverse defendants in this case. Accordingly, there is no complete diversity and this Court is without jurisdiction. It therefore GRANTS the motion to remand. Defendants' motion to dismiss is deemed moot without prejudice to renewal by way of a demurrer on remand. This terminates the case; the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 7/26/13     _____

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT